## McNutt *v.* Loney, Appellant.

*Contract—Release of debt—Consideration—Nudum pactum.*

A promise to release a debt is not the same thing as an actual release, and if there is no sufficient consideration for the promise to release, the promise is nudum pactum.

Argued Jan. 4, 1893. Appeal, No. 360, Jan. T., 1892, by defendant, Charles L. Loney, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1890, No. 519, on verdict for plaintiff, James McNutt. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for work on houses.

At the trial, before PENNYPACKER, J., defendant offered to prove that he was the builder of the houses for Mr. Henry. That among other mechanics he directed plaintiff to do the stair building; in fact employed him. That Mr. Henry ran short of money. He, Henry, practically paid all the money that was paid out, and plaintiff agreed if an outstanding note of $425, which was under protest, was paid, that he would sign the composition paper or release with the other creditors as to defendant and accept of a mortgage of $15,000 in trust as security with the other creditors. That the said note was so paid and the mortgage also made and executed in trust for the creditors, but that plaintiff, notwithstanding this, neglected and did not sign the composition paper, although previously requested so to do, saying that he thought he had signed it. Objected to, objection sustained and exception. [1]

Defendant also offered to prove that plaintiff himself, when spoken to in reference to the noncompletion of his promise to sign the paper, stated that he thought he had signed it, and it was his intention to sign it and he was surprised to find that he had not. Objected to, objection sustained and exception. [2]

Verdict and judgment for plaintiff for $464.08. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting offers but not bills of exception.

*Thomas A. Gummey, A. Thompson* with him, for appellant, cited Greenwalt v. Harmer, 6 S. & R. 71; Gaw v. Wolcott.

10 Pa. 43; Von Storch v. Griffin, 77 Pa. 504; Heck v. Shener, 4 S. & R. 248; Kennedy v. Ferris, 5 S. & R. 394; Hornblower v. Proud, 2 B. & Ald. 333; Chalmers v. Page, 3 B. & Ald. 697; Babcock v. Hawkins, 23 Vt. 561; Douglass v. White, 3 Barb. Ch. 621; Silree v. Tripp, 15 M. & W. 20; Add., Cont. 878.

*J. Quincy Hunsicker,* for appellee, cited Hill v. Epley, 31 Pa. 334; Cuttle v. Brockway, 32 Pa. 45; Miles v. Miles, 8 W. & S. 135; Smaltz v. Ryan, 112 Pa. 423; Covely v. Fox, 11 Pa. 171; Steiner v. Erie Savings Co., 98 Pa. 591; Mehaffy v. Lytle, 1 Watts, 314; Scott v. Kittanning Coal Co., 89 Pa. 241; Gaw v. Wolcott, 10 Pa. 43.

OPINION BY MR. JUSTICE GREEN, February 13, 1893:

The claim of the plaintiff was for work done by him for the defendant, Loney. There was no defence as to its correctness. There was an allegation that the plaintiff had agreed to sign, and did sign, a release of liens as against the buildings of Henry, the owner, with whom the defendant had contracted for the erection of the buildings, and further that the plaintiff agreed to sign a composition paper releasing the liens against the buildings and releasing the defendant from all personal liability, in consideration that Henry would pay an overdue note of $425, which the plaintiff held against him, and would give a mortgage for $15,000 on the premises to secure the debts due his creditors. The plaintiff did sign the release of liens against the buildings, and Henry paid his note in the hands of the plaintiff. But there was nothing in the release of liens which in the least degree released, or tended to release, the plaintiff's claim against the defendant Loney. It was not mentioned in the release. The composition paper which did provide for a release of the personal liability of the defendant was never signed by the defendant, and it was only signed by a few of the creditors who had signed the release of liens. The offer of testimony therefore was simply an offer to prove that the plaintiff had promised to sign the composition paper, but in fact had not signed it. How this refusal to release the defendant from his personal debt to the plaintiff could possibly operate as a legal discharge of that liability it is difficult to understand. The payment of the $425 note which

Henry owed to the plaintiff certainly was not a consideration for the release of Loney's debt to the plaintiff, because Henry was already legally bound to pay the amount of that note to the plaintiff, and a promise to pay it, followed by its payment, could have no greater effect than to discharge Henry of his obligation, and Loney from so much of his liability to the plaintiff as was represented by the note. While an actual composition signed by a creditor may have the effect of releasing the debt, a refusal to sign it cannot have such an effect, although the signature was promised. Such a promising creditor might see cause to change his mind for any sufficient reason, and, if he did, the act of release is not perfected, the discharge does not take place. The creditor still retains his lawful claim against the debtor, and that claim is not discharged because another debtor to the same creditor merely pays that debt which he already owed before the promise to release was made. In other words a promise to release a debt is not the same thing as an actual release, and if there is no sufficient consideration for the promise to release, the promise is nudum pactum.

We think the case was correctly decided by the learned court below.

Judgment affirmed.