## King v. Lakatosh

*Roland T. Keddie*, for plaintiffs.
*Robinson, Fisher & Long*, for defendant.

KEIM, J., October 26, 1972.—This case comes before the court en banc for consideration of a motion for judgment on the pleadings filed by counsel for defendant.

The case arises from an automobile accident which occurred on July 10, 1971, in which minor plaintiff, Kathi King, received injuries while riding as a passenger in a motor vehicle driven by defendant.

The complaint sets forth the circumstances which plaintiff alleges surrounded the happening of the accident. In an answer and new matter filed on behalf of defendant, counsel for defendant pleads that Lois J. King, mother and natural guardian of Kathi King, has released plaintiff from any and all claims and demands arising from the accident, by recorded release as well as by draft, a copy of which is attached to the new matter. No part of the recorded release is pleaded in the new matter. In a reply to the new matter, plaintiff denies any release.

The question before the court for consideration is whether or not the draft in question set forth in the new matter filed by defendant constitutes a release. In a supplemental brief, defendant has set forth what purports to be a telephone conversation which defendant claims to be a recorded release. The court must initially comment that the alleged telephone conversation has not been properly pleaded, and even if it were so pleaded, the court is of the opinion that it does not constitute a recorded release. In this recorded release, Mrs. King states, in response to a question, that she agrees that a check to be sent to her shall be a full settlement, and in addition, Allstate Insurance Company was to pay $1,000 in medical bills that might occur within one year of the date of the purported settlement. The court feels that this is merely a set of negotiations which defendant expected to culminate in the preparation and execution of release, but which did not culminate as can be seen by an examination of the draft set forth in the new matter. The draft set forth in the new matter has never been executed or cashed by plaintiff, Lois J. King. Therefore, the release has not been executed.

In the case of McNutt v. Loney, 153 Pa. 281, it was held that a promise to release is not an enforceable promise, and if there is no consideration for the prom-

ise to release, then the promise is of no legally binding value.

The court agrees with the law as set forth in Blanchard v. Wilt, 410 Pa. 356, which was cited by defendant for the proposition that there is no particular form necessary to constitute a release as long as all the terms are clear and precise. However, in the case at bar, the court is of the opinion that instead of Mrs. King agreeing to a release, she was negotiating with a representative of defendant concerning a release, and the release would only have taken place upon the execution or cashing of the draft forwarded to Mrs. King by defendant's representative.

The court will therefore enter the within

### ORDER

And now, October 26, 1972, after due and careful consideration, it is hereby ordered, adjudged and decreed that defendant's motion for judgment on the pleadings be and the same is denied, and the prothonotary is directed to place this case on the next trial list.