## PHILADELPHIA v. RIDGE AVE. RY. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 2 OF PHILADELPHIA COUNTY.

Argued March 26, 1891—Decided May 25, 1891.

[To be reported.]

1. While it is not required by the constitution that the title of an act of
assembly shall be a complete index to its provisions, all the cases agree
that the subject of the proposed legislation must be so expressed in the
title as to give notice of its purpose to the members of the legislature
and to others specially interested.

2. But, when an act is declared to be a supplement to a former act, if the
subject of the original act is sufficiently expressed in its own title, and
the provisions of the supplement are germane to that subject, the sub-
ject of the supplement is sufficiently covered by a title containing a
specific reference to the original by its title, with the date of its approval.

3. Although the cases at the outset were a little loose in construing the
constitutional amendment of 1864, yet if the distinction between the
title of an original act and that of a supplement be kept in view, they
have established a reasonably consistent rule, which may now be recog-
nized as the settled law of the state: Per Mr. Justice CLARK.

4. The act of March 8, 1872, P. L. 264, entitled " An Act relating to the
Ridge Avenue-Passenger Railway Company," is unconstitutional and
void, in so far as it affects the rights of the city of Philadelphia and
reduces the rate of taxation of dividends of said company for city pur-
poses, its title disclosing no intent to alter the city's rights: Ridge Ave.
Ry. Co. v. Philadelphia, 124 Pa. 219.

5. The rule that a party to a judgment is estopped from re-litigating ques-
tions the decision of which was involved therein, does not extend to estop
the plaintiff from setting up in a subsequent action, where the cause of
action is not the same, the unconstitutionality of a statute upon which
the prior action proceeded.

6. Wherefore, although the city, in Philadelphia v. Railway Co., 102 Pa.
190, claimed and recovered a judgment against the Ridge Avenue Rail-
way Co. for the taxes of the years 1872 to 1879, inclusive, at the rate
prescribed by the act of 1872, it was not thereby estopped from assert-
ing its unconstitutionality in a later suit, brought for the taxes of sub-
sequent years.

(a) From 1880 to 1887, inclusive, the city from year to year formally ren-
dered claims and demanded payment of taxes from said company, un-
der the provisions of the act of 1872. Its demands, as they were made,
were met by full payment. Relying on the annual adjustment of these
taxes, the company from time to time declared dividends:

Case stated.

7. Having chosen to treat the act of 1872 as a valid enactment and to collect the tax it imposed, and having so collected such tax, the city must be held to have waived or relinquished her ·right to receive more, for those years, than the sums from year to year demanded, and cannot be permitted to disregard such settlements in an action brought several years later.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 96 January Term 1891, Sup. Ct.; court below, No. 20 December Term 1889, C. P. No. 2.

On November 21, 1889, the city of Philadelphia brought assumpsit against the Ridge Avenue Passenger-Railway Company. Subsequently, a case stated was filed by the plaintiff and defendant, as follows:

The Girard College Passenger-Railway Company was incorporated by the act of April 15, 1858, P. L. 300, with an authorized capital of ten thousand shares of the par value of fifty dollars each. The act required the company to " annually pay into the treasury of the city of Philadelphia, for the use of said city, whenever the dividends shall exceed six per centum per annum on the capital stock, the sum of six per centum on the said dividends thus declared." The Ridge Avenue & Manayunk Passenger-Railway Company was incorporated by the act of March 28, 1859, P. L. 264, with an authorized capital stock of five thousand shares of the par value of fifty dollars each. The act required the company to " annually pay into the treasury of the city of Philadelphia, for the use of said city, whenever the dividends shall exceed six per centum per annum on the capital stock, the sum of six per centum on the said dividends thus declared." These two roads subsequently merged and consolidated and were thereafter known as the Ridge Avenue Passenger-Railway Company.

An act of assembly, entitled " An Act relating to the Ridge Avenue Passenger-Railway Company," was approved March 8, 1872, P. L. 264. The third and eighth sections of that act are as follows:

" § 3. That dividends of so much of the profits of the said company, as shall appear advisable to the directors, shall be declared by the said directors, at such time or times as they may

Case stated.

deem expedient, and be paid at the office of the said company at such times as the said directors may designate; but the sum divided shall in no case exceed the amount of the net profits of the said company, so that the capital stock shall not be impaired thereby; Provided always, that the said company shall annually pay into the treasury of the city of Philadelphia, for the use of the said city, a tax of six per centum upon so much of any dividend declared which may exceed six per centum upon their said capital stock; and if the said directors shall make any dividend impairing the capital stock of the said company, the directors consenting thereto shall be liable, in their individual capacities, to the said company for the amount so divided, and each director present, when such dividend shall be declared, shall be considered as consenting thereto, . . . ."

"§ 8. All provisions in the charters of the two companies so consolidated as above recited, not included in this act, are hereby repealed: . . . ."

The city of Philadelphia brought an action against the said Ridge Avenue Passenger-Railway Company in the Court of Common Pleas No. 3 of Philadelphia, for taxes on dividends. Judgment having been entered therein, it was removed to the Supreme Court by writ of error of July Term 1882, No. 210. On said writ of error judgment was entered against the defendant for a tax computed on the amount of dividends in excess of six per cent on the amount of capital stock paid in, the Supreme Court finding and adjudging as follows:

"We are of opinion, therefore, that the Ridge Avenue Passenger-Railway Company, by the terms and meaning of this statute, is liable to pay annually into the treasury of the city of Philadelphia, for the use of the said city, a tax of six per centum upon so much of any annual dividend declared which may exceed six per centum upon the capital stock paid in."

This suit and the judgment therein were for tax on the dividends declared in and prior to the year 1879. The record and the report of this case and decision thereof in 102 Pa. 190, are made part of this case stated.

The city, in 1884, repaired a part of the street occupied by the tracks of the Ridge Avenue Passenger-Railway Company, and in November, 1887, sued to recover the money paid therefor. The case was argued in June, 1888, on a motion for judg-

ment for want of a sufficient affidavit of defence, and on the
argument the city asserted that said act was unconstitutional,
and on November 8, 1888, the Court of Common Pleas No. 2,
entered judgment for the city of Philadelphia. On writ of error,
this judgment was sustained by the Supreme Court: Ridge
Ave. Ry. Co. v. Philadelphia, 124 Pa. 219. The record and
the report of this case and the decision are made part of this
case stated.

The capital stock paid in of the two companies merged into
the Ridge Avenue Passenger-Railway Company is and has
been $420,000.

—Here followed a statement of the dividends declared by
the defendant company, and the amount of tax paid thereon
to the city, in each year from 1880 to 1888, inclusive, and a
statement of the differences in amount between the taxes ac-
tually paid and the taxes payable, if counted at the rate of six
per cent of the dividends declared, such difference being $1,512
in each of those years except 1884, when it amounted to $2,412.
The case stated then continued:

These payments were made upon and in accordance with
bills rendered by the city solicitor and made out by a clerk in
his office. They were duly entered in his accounts, which have
been from time to time properly audited by the controller.
Prior to 1889 they were accepted without any claim that the
city was entitled to a larger amount; but the tax for 1888 has
been accepted with the mutual understanding that the accep-
tance was not in any sense a waiver of the city's claim to six
per centum upon the entire dividends declared.

Upon the foregoing facts, the court shall enter such judg-
ment as is in accordance with law, it being understood and
agreed that the cause is to be decided without regard to plead-
ings, and as if in addition to the general issue all defences
which ought to be specially pleaded had been so pleaded. Both
parties have the right to appeal to the Supreme Court.

—After argument, the court, without opinion filed, entered
judgment for the plaintiff for $9,972, whereupon the defend-
ant took this appeal, specifying that the court erred in enter-
ing judgment for the plaintiff, and in not entering judgment
for the defendant, on the case stated.

Arguments.

*Mr. J. Howard Gendell* and *Mr. John G. Johnson*, for the appellant:

1. Under no cases decided by this court is it possible to conclude that the title of the act of March 8, 1872, P. L. 264, does not properly embrace the subject matter of taxation upon dividends of the capital stock of the defendant company, unless it be Phœnixville Road, 109 Pa. 44; Rogers v. Improvement Co., 109 Pa. 109, and Ridge Ave. Ry. Co. v. Philadelphia, 124 Pa. 219. Each of those cases illustrated an attempt to accomplish two distinct purposes by an act, the title of which gave notice of only one. The present case, however, presents a very different question. The alteration of the rate of taxation upon the company's dividends affected a matter connected with its affairs disclosed by the title, "An Act relating to the Ridge Avenue Passenger-Railway Company." That the tax was payable to the city of Philadelphia, is immaterial. It was as a part of the machinery for the government of the state, that the city received this tax. If it had been payable to the state, could the validity of the act be denied? If the title of an act, with a reasonable degree of notice, discloses the object of the legislation, it is sufficient: Allegheny Co. Home's App., 77 Pa. 77.

2. In Ridge Ave. Ry. Co. v. Philadelphia, supra, Hare, P. J., calls attention to the fact that the uniform practice in Philadelphia had been to subject passenger-railway companies to the cost of maintaining the paving of streets occupied by them. But the taxation of such companies has not been dealt with according to any uniform practice. But one third of those having special charters are taxable according to the present claim of the city; another third are taxed only upon the excess of their dividends over six per cent, and others pay no tax whatever to the city upon their dividends: Bright. Phila. Dig., 855–869. This exhibits a distinction between the case last cited and the case at bar. And there is a long line of cases sustaining acts whose titles disclosed no more than does that of the act of 1872: Allegheny Co. Home's App., 77 Pa. 77; State Line R. Co.'s App., 77 Pa. 429; Craig v. Presb. Church, 88 Pa. 47; Pottstown Bor., 117 Pa. 547; Sewickley Bor. v. Sholes, 118 Pa. 169; Bittinger's Est., 129 Pa. 344; Millvale Bor. v. Railway Co., 131 Pa. 19.

3. But the question has been adjudicated, and the city is not now at liberty to recover its additional claim. The decision in Philadelphia v. Railway Co., 102 Pa. 190, settled the basis of taxation to be "so much of any annual dividend declared which may exceed six per centum upon the capital stock paid in." It is true, the constitutionality of this provision in the act of 1872 was not directly mooted. But the decision necessarily involved the validity of the statutory provision imposing the tax, and is conclusive thereof: Henderson v. Henderson, 3 Hare 115; Freeman on Judgments, § 178; Duchess of Kingston's Case, 2 Sm. L. Cas. 648; Beloit v. Morgan, 7 Wall. 619. The doctrine of estoppel by judgment applies wherever the same question is raised, and is not restricted to cases in which the cause of action is the same: Beloit v. Morgan, 7 Wall. 619; Aurora City v. West, 7 Wall. 85; Durand v. Essex, 7 Wall. 107; Corcoran v. Canal Co., 94 U. S. 741; Duchess of Kingston's Case, 2 Sm. L. Cas. 648; Wilson v. Deen, 121 U. S. 525; Gardner v. Buckbee, 3 Cow. 120 (15 Am. Dec. 256); Bouchand v. Diaz, 3 Den. 243. Having recovered judgment on the basis of the validity of this statute, the city cannot now allege it to be invalid: Martin v. Ives, 17 S. & R. 364; Baily v. Baily, 44 Pa. 274; Bidwell v. Pittsburgh, 85 Pa. 418; McKnight v. Pittsburgh, 91 Pa. 273; Mercer Mining Co. v. McKee, 77 Pa. 170; Union Passenger Ry. Co. v. Philadelphia, 83 Pa. 429. A city may be bound by such an estoppel: Philadelphia v. Matchett, 116 Pa. 103.

*Mr. Abraham M. Beitler* (with him *Mr. Charles F. Warwick*, City Solicitor), for the appellee:

The provision in the act of March 8, 1872, P. L. 264, by which it was attempted to alter the amount of taxes payable by the defendant to the city of Philadelphia, is unconstitutional and void, because the title of the act does not sufficiently express a purpose to make such an enactment, and gives no notice that the city's rights are to be affected by the statute: § 8, article XI., constitutional amendment of 1864; Blood v. Mercelliott, 53 Pa. 391; Church St., 54 Pa. 353; Commonwealth v. Green, 58 Pa. 226; Dorsey's App., 72 Pa. 192; Allegheny Co. Home's App., 77 Pa. 77; Mauch Chunk v. McGee, 81 Pa. 433; Union Ry. Co.'s App., 81* Pa. 91; Beckert v.

Allegheny City, 85 Pa. 191; Ruth's App., 10 W. N. 498; Phœnixville Road, 109 Pa. 44; Pottstown Bor., 117 Pa. 546; Sewickley Bor. v. Sholes, 118 Pa. 169; Rogers v. Improvement Co., 109 Pa. 109; Hatfield v. Commonwealth, 120 Pa. 395; Little Equinunk Turnpike Co., 2 Pa. C. C. R. 632; Carbondale Plankroad Co., 3 Pa. C. C. R. 460; Ridge Ave. Ry. Co. v. Philadelphia, 124 Pa. 219. The cases cited on this point by the appellant are principally cases in which the statutes considered were supplements to prior acts, and there is a broad distinction between such an act and one like that now in question. Nor do the cases cited as to the doctrines of estoppel and res judicata, sustain the appellant's position.

OPINION, MR. JUSTICE CLARK:

It appears from the case stated that the Ridge Avenue Passenger-Railway Company resulted from the merger and consolidation, under the statute, of the Girard College and the Ridge Avenue & Manayunk Passenger-Railway companies; the former incorporated under the act of April 15, 1858, P. L. 300, and the latter under the act of March 28, 1859, P. L. 264. By the terms of their respective charters, the original companies were required, annually, to " pay into the treasury of the city of Philadelphia, for the use of the said city, whenever the dividends shall exceed six per centum per annum on the capital stock, the sum of six per centum on the said dividends thus declared." After the consolidation, however, an act of assembly was approved, March 8, 1872, P. L. 264, entitled " An Act relating to the Ridge Avenue Passenger-Railway Company," which provided that the said company should pay annually into the treasury of the city of Philadelphia, for the use of the said city, " a tax of six per centum upon so much of any dividend declared, which may exceed six per centum upon their said capital stock," etc. It is now contended on the part of the city that this act of 1872 was in conflict with § 8, article XI., amendment of 1864, of the constitution of this state, in force at the time of its passage, and that the company, therefore, remains liable for the greater tax imposed in the original charters. The company having paid, and the city having received the taxes, according to the provisions of the act of 1872, for the years 1880 and 1888, inclusive, this suit is brought to recover the

balance which would remain unpaid for these years, according to the rate fixed in the original charters.

The provision of the constitution was as follows : " No bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills." Article III., § 3, of the present constitution, is precisely to the same effect; it differs from the amendment of 1864 in phraseology only.

Although it is not necessary that the title to an act of assembly should be a complete index to its provisions, all the cases agree that the subject of the proposed legislation must be so expressed therein as to give notice of its purpose to the members of the legislature, and to others specially interested : Commonwealth v. Green, 58 Pa. 233; Dorsey's App., 72 Pa. 192 ; Beckert v. Allegheny, 85 Pa. 191; Phœnixville Road, 109 Pa. 44; Sewickley Bor. v. Sholes, 118 Pa. 165. A distinction exists, however, between the title to an original act and that of a supplement. When an act of assembly is a supplement to a former act, if the subject of the original act is sufficiently expressed in its title, and the provisions of the supplement are germane to the subject of the original, the general rule is that the subject of the supplement is covered by a title which contains a specific reference to the original by its title, giving the date of its approval, and declaring it to be a supplement thereto : State Line R. Co.'s App., 77 Pa. 429 ; Craig v. First Presb. Church, 88 Pa. 42; Pottstown Bor., 117 Pa. 538; Millvale Bor. v. Railway Co., 131 Pa. 19. Although the cases at the outset, after the adoption of this amendment, were a little loose in its construction, yet, if the distinction just referred to is kept in view, they will be found to have established a reasonably consistent rule, which may now be recognized as the settled law of the state.

The question of the constitutionality of the act of March 8, 1872, upon the ground of its defective title, was on a previous occasion argued in this court before a full bench ; and in a per Curiam opinion it was held that the subject of the bill, as it was passed by the general assembly, was not clearly expressed in the title : Ridge Ave. Ry. Co. v. Philadelphia, 124 Pa. 219; and upon that ground the act was held to be in conflict with the constitutional provision referred to. In the case cited, the com-

Opinion of the Court.

pany sought to have the advantage of a provision of the act of 1872, relieving it from the burden of repairing the streets, a burden imposed by the original charters, and releasing the company from control by the city councils; whilst in this case the company seeks to have advantage of a provision of the same act, which would in part relieve it from the payment of city taxes. If the title of the bill was not so expressed as to warn the city as to the former feature or effect of the bill, it was clearly defective as to the latter, for there is no reference in the title to either; indeed, there was nothing expressed in the title to call the attention of the city, that her rights were in any way affected by it. We are not inclined to change the conclusions to which we came in the case referred to, nor to recede from the rule so well settled in our cases. It follows that the act of 1872 must be treated as unconstitutional, and therefore void, in so far, at least, as it affects the rights of the city and changes the rate of taxation for city purposes.

But, assuming that upon this ground the act of 1872 is unconstitutional and void, in so far as it affects the rights of the city of Philadelphia, and that the company was and is liable according to the provisions of the original charters of 1858 and 1859, is the city now in condition to insist upon that measure of liability for the years 1880 to 1888, inclusive? It appears that, some time after the year 1879, the city brought suit against the company for the taxes of 1872 to 1879, inclusive. The claim was for taxes according to the provisions of the act of 1872. The company, admitting its liability under that act, contended that, upon a proper construction of the act, it was not liable for tax, excepting when any single or separate dividend declared exceeded six per cent of the authorized capital of the company. The city's contention was, however, that as, upon this construction of the statute, the company could declare dividends as often as the directors desired, they might so manipulate their dividends as to defeat the manifest design of the legislature to provide revenue for the city. Suit having been brought, as we have said, defence was taken and such proceedings were afterwards had that the cause came into this court upon a writ of error, where it was held that the extent of the company's liability under that act was to be ascertained by applying the aggregate annual dividends to the capital actual-

ly paid in, and judgment was entered against the company ac-
cordingly. The constitutionality of the act of 1872 was not
drawn in question, and the company was compelled to pay ac-
cording to the demands of the city under the provisions of that
act: Philadelphia v. Railway Co., 102 Pa. 190.

The argument of the company's counsel now is that, al-
though, in the case referred to, the point does not appear to
have been made or decided, yet the constitutionality of the act
of 1872 must be taken to have passed in rem judicatam; that
the judgment in that case necessarily involved a decision that
the statute imposing the tax was to that extent valid, and, al-
though the cause of action is not the same, the city is estopped
of record from re-litigating that question. In support of this
doctrine they cite Beloit v. Morgan, 7 Wall. 619; Aurora City
v. West, 7 Wall. 85; Durant v. Essex Co., 7 Wall. 107; Cor-
coran v. Canal Co., 94 U. S. 741; Wilson v. Deen, 121 U. S.
525; and Duchess of Kingston's Case, 2 Smith Lead. Cas.,
8th ed., 941.

Whilst the general rule declared in these authorities is un-
doubtedly correct, it does not extend to estop a person from
setting up the unconstitutionality of a statute, when the cause
of action is not the same. The former judgment is absolutely
conclusive upon the parties, as to the cause of action involved
in it, although the statute upon which the proceedings were
taken was not constitutional; that judgment can only be im-
peached collaterally for fraud or want of jurisdiction. It is a
matter of no consequence now that the act of 1872, upon
which judgment was entered for the amount of the tax, was
unconstitutional and void; judgment having been entered, and
no appeal taken, the subject matter of the issue in that suit is
res judicata. The former judgment, therefore, operates as a
bar to any subsequent action founded on the same demands:
Bigelow on Estop., 80–88. In the case at bar, however, whilst
the point in issue may perhaps be the same, the cause of action
is different; and, although the verdict, with the judgment
thereon, would furnish conclusive evidence of the matters in
controversy upon which the verdict was rendered, and operate
as a bar to the further litigation thereof, it would not preclude
the plaintiff in this suit from asserting the unconstitutionality
of the act upon which the previous action proceeded: Bigelow
on Estop., 90–103.

The distinction is thus stated by Mr. Justice FIELD in Cromwell v. Sac County, 94 U. S. 352, 353:

"It should be borne in mind that there is a difference between the effect of a judgment, as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties, upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . . . . But when the second action, between the same parties, is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment, rendered upon one cause of action, to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

This same distinction is illustrated in Outram v. Morewood, 3 East 346, which is a leading case of high authority upon this subject; in Gardner v. Buckbee, 3 Cow. 120; in Betts v. Starr, 5 Conn. 550; and in the Duchess of Kingston's Case. See, also, Washington Packet Co. v. Sickles, 24 How. 342; Davis v. Brown, 94 U. S. 423. The doctrine, as we have stated it, is consistent with our own cases: Long v. Long, 5 W. 102; Kilheffer v. Herr, 17 S. & R. 319; Smith v. Elliott, 9 Pa. 345.

But, from the year 1880 to 1887, inclusive, the city has from year to year formally rendered their claims and demanded payment of taxes from the company under the provisions of the act of 1872, which demands, as they were made, were met by prompt and full payment. These demands were for the whole, and not for any portion of the taxes supposed to be due and owing for these years, respectively, and were paid and

Opinion of the Court.

receipted for in full. Whether the act of 1872 was in conformity with the constitution or not, was matter of law, not of fact. The city chose to treat it as a valid enactment and to collect the tax it imposed, and, having done so, we are of opinion she must be taken to have waived or relinquished her right to receive more. She cannot in this manner repudiate the authority under which she assumed to act, to the prejudice of the company's rights. The company accepted the results of the litigation which the city originated, and paid the taxes annually, at the rate demanded, and in accordance with the judgment of this court. Relying upon the annual adjustment of these taxes, the company, from time to time, declared dividends and distributed their surplus earnings among the stockholders, and upon these dividends, presumably larger by reason of the reduced burden of taxation, the city has from year to year received the tax at the rate demanded. Non constat that the stockholders then are the stockholders now, or were stockholders when this suit was brought. The city could not split up her claim in this way to the prejudice of the company, and we are of opinion that in so doing she must be held to have waived and relinquished her right to receive beyond the amounts from year to year demanded.

It is plain that if the parties had treated the act of 1872 as unconstitutional, and the taxes had been paid and received pursuant to the original charters, a subsequent adjudication that it was a valid enactment would not entitle the company to receive back the excess, and this is but the converse of the proposition now advanced by the city. It is said to be a poor rule that will not work both ways. The city cannot occupy inconsistent positions. Having chosen to treat the act of 1872 as constitutional, and proceeded against and treated with the company accordingly, she will not now be permitted to rip up the annual settlements, made under it, to the prejudice of others' rights.

As to the taxes for the year 1888, and for the years subsequent to that, the city is entitled, under the provisions of the acts of 1858 and 1859.

> The judgment is therefore reversed; and judgment is now entered, on the case stated, in favor of the plaintiff, and against the defendant, for $1,512 and costs.