# Pulaski Avenue.

*Road law—Vacation of street—Appeals—Opening decree—Laches.*

Where the court of common pleas has entered an order quashing a petition for the appointment of viewers to assess damages for the vacation of a street, and the petitioners have not appealed from the order within the statutory period, they cannot after the expiration of eleven years from the date of the order move the court to set it aside because the Supreme Court in another proceeding between different parties had declared the law in an exactly contrary sense to that upon which the order dismissing the petition was based.

Argued Jan. 14, 1908. Appeal, No. 183, Jan. T., 1907, by Henry R. Hatfield and Walter Hatfield, from order of C. P. No. 1, Phila. Co., Sept. T., 1895, No. 309, discharging rule to review road proceedings in the matter of the Vacation of Pulaski avenue. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to show cause why an order dismissing a petition for the appointment of viewers should not be reinstated.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*William W. Porter*, for appellants, cited: Brigg's Appeal, 5 Watts, 91; Nimick's Estate, 179 Pa. 591; Young's Appeal, 99 Pa. 74; Finnel v. Brew, 81 Pa. 362; Martin's Estate, 7 Pa. Dist. Rep. 408.

*James Alcorn*, with him *J. Howard Gendell*, city solicitor, for appellee, cited: Bolton v. Hey, 168 Pa. 418; Nice v. Walker, 153 Pa. 123; Marsh v. Pier, 4 Rawle, 273; Hall v. Applebee, 126 Pa. 385; Hunter's Private Road, 46 Pa. 250.

OPINION BY MR. JUSTICE MESTREZAT, March 2, 1908:

Pursuant to an ordinance of the councils of the city of Philadelphia, the department of public works on June 3, 1895, omitted and struck from the city plan Pulaski avenue from Ruffner street to Roberts avenue and thereby vacated that portion of the avenue. The portion of the avenue thus vacated was permitted to remain open and its use was continued by the public for some time thereafter. On October 16, 1895, a petition was presented to the court below, common pleas No. 1, of Philadelphia county, by a number of the abutting property owners, asking for the appointment of a jury to assess the damages resulting to their properties by the vacation of the portion of Pulaski avenue, in accordance with the provisions of the Act of assembly approved May 16, 1891, P. L. 75. The appellants were not petitioners in the proceedings for the assessment of damages, but being notified of the presentation of the petition, it is averred that they appeared and participated therein. The city of Philadelphia moved to quash the petition for two reasons : First, because it did not set forth any vacation of the avenue ; second, because the court of common pleas had no jurisdiction. On December 28, 1895, the court entered an order quashing the petition. From the opinion filed in the case, it appears that the court quashed the petition on two grounds : (a) because as there had been no physical vacation of the street, no right of action for the recovery of damages had accrued to the petitioners, and (b) because the act of May 16, 1891, under which the proceedings were taken, did not apply to the city of Philadelphia, and the remedy of abutting property owners was in the court of quarter sessions under the special Act of April 21, 1858, P. L. 386, 3 Purd. (13th ed.) 2956.

Thus the record stood for nearly twelve years, until January 18, 1907. No appeal was taken from the order of the court of common pleas quashing the petition. It became final and absolute and has never been vacated, set aside or appealed from. On the date last mentioned, the appellants presented their petition to the court below, setting forth the facts above stated and averring, inter alia, that since the entry of the order of the court quashing the proceedings, the Supreme Court had held, contrary to the ruling of the court in quashing the pro-

ceedings, that the right of action for the recovery of damages for the vacation of a street accrued immediately upon the striking of said street from the city plan by the proper authority, and that the act of 1891 was effective in jurisdictions where there was already a special enactment on the same subject, as an additional remedy, and that parties affected by the vacation of a street in such jurisdictions could elect under which enactment they would proceed ; that by the judgment of the common pleas the appellants were misled as to and deprived of their rights in the premises and awaited the physical vacation of the avenue which occurred on or about October, 1903 ; that the proceedings in that court were brought in proper time and that by the erroneous construction placed upon the law by the court, as the law has since been declared to be by the Supreme Court, appellants have been injured and deprived of their rights to compensation by the order quashing the proceedings and dismissing their petition. The petition prayed the court "to review the judgment and decree heretofore erroneously entered and to reinstate the petition heretofore presented to the end that your petitioners shall be empowered to proceed thereunder to recover such damages as they may, by evidence, prove that they have suffered, and that they may not be deprived of rights to which, under the law, they are entitled." A rule was issued to show cause why the prayer of the petition should not be granted, which rule was discharged on March 21, 1907. The appellants, the petitioners for the reinstatement of the proceedings, have taken this appeal from that order of the court.

From the above recital of the facts in the case, it appears that the order of the court below, quashing the proceedings instituted for the purpose of determining the damages sustained by vacating Pulaski avenue, was entered on June 3, 1895. The order was in the nature of a decree or judgment adjudicating the right of the present appellants and other abutting property owners to have damages assessed for alleged injuries sustained by reason of the vacation of Pulaski avenue. It was final and was made in a proceeding in which the court had jurisdiction of the persons and subject-matter. The order was conclusive against the rights of the parties to maintain an action for damages at that time. If erroneous the order was not

void, but simply voidable, and the aggrieved party had the right to appeal. This is a statutory right and if any of the interested parties were aggrieved by the order, an appeal could have been taken and the error corrected by the appellate court.

The appeal now being considered is not from the order of the court below quashing the proceedings entered on June 3, 1895, but from the subsequent order of court, made on March 21, 1907, refusing to set aside and vacate the former order and refusing to reinstate the former proceedings and permitting the appellants here to proceed under those proceeding to have their damages assessed for the injury done them by vacating Pulaski avenue. In other words, instead of taking an appeal from the order of the court below quashing the proceedings instituted for the purpose of having damages assessed, and having the alleged errors corrected in an appellate court, the appellants seek to correct the alleged error by an application to the common pleas to vacate its order quashing the proceedings and to reinstate the proceedings so that their damages can now be assessed. It is clear that the court below did not err in refusing to vacate its order of 1895 quashing the proceedings. If the appellants were aggrieved by that order, they should have moved to vacate it within the term, and failing to do so, the statute permitting an appeal pointed out a remedy and they were required to pursue it within the statutory period. The order was a decree or judgment of the court, and if erroneous the remedy was an appeal to the proper appellate court. That this was the proper course to pursue is made more apparent by the fact that the alleged error was one of law. Whether the appellants' right of action accrued when the city struck the street from its plan and whether the proceedings were properly instituted under the act of 1891 were simply questions of law, and if the ruling of the common pleas thereon was erroneous, the appellants should have taken an appeal and had the order reversed.

It will not relieve the appellants from their duty to appeal from the order quashing the proceedings by alleging that they were misled as to the law of the case by the decision of the court below, and that the Supreme court, in other cases involving similar facts, subsequently interpreted the law differently:

Bolton v. Hey, 168 Pa. 418.   It is the duty of a litigant, if he is dissatisfied with a ruling of the court, to have the error corrected in the manner and within the time provided in the statute.   The order of the court below, entered on June 3, 1895, was not excepted to or appealed from within the statutory period, and is as binding and conclusive as if an appeal had been taken and the order had been affirmed by this court. The decision, therefore, is the law of the case as applied to that order and neither party can now assail or controvert it: Bolton v. Hey, 168 Pa. 418.   As said by Chief Justice STERRETT in that case (p. 421): "That judgment thus became the law of the case, and having never been reversed or set aside, it is still the law of that case, notwithstanding a different rule of construction may have been since applied, with a different result, to contracts of like tenor and effect."   If an appeal had been taken from the order, and it had been affirmed here, it certainly could not be pretended that the appellants would have any standing below or here to have the order vacated and the proceedings reinstated and thereby given life, so that the appellants could now have their damages assessed.   The order unappealed from having the same force and validity as if it had been affirmed by this court, it follows that the appellants had no standing to demand of the court below that it rescind or vacate its order of June, 1895, quashing the proceedings.   It is conceded that the order or judgment which the appellants seek to set aside or strike off was not void, but voidable.   Their only remedy, therefore, for alleged error was, as suggested above, to take an appeal within the statutory period: Clarion, etc., Co. v. Hamilton, 127 Pa. 1.

We need not discuss or determine the extent to which the court of common pleas may go in correcting its errors and vacating its judgments.   The solution of that question is not necessary to a decision of this appeal.   The statute pointed out a remedy for the error, if any, committed in entering the order or judgment of June, 1895, and it was the duty of the appellants to pursue that remedy.   The appellants have been guilty of very great laches in seeking to have the error of the court below corrected and in enforcing their claim to damages. The order of the court quashing the proceedings was made in June, 1895, and this application to vacate it was not made un-

til January, 1907, more than eleven years after the order had been entered. Again, it appears that the decisions of this court upon which the appellants rely to convict the lower court of error in this case were rendered in the early part of 1900, and, therefore, more than a year before the expiration of the six years within which they were required to institute proceedings to have their damages assessed. The position, therefore, which the appellants now occupy certainly cannot commend itself to any court. There should be an end to litigation and courts cannot look with favor upon proceedings instituted by parties who, as here, give no consideration to the limitations within which the statute provides they shall assert their rights.

We are of opinion that the remedy of the appellants for error committed by the common pleas in entering the order of June 3, 1895, quashing the proceedings for the assessment of damages, was an appeal from the action of the court in entering the order, and that the order being final and unreversed, the common pleas, after eleven years had elapsed, was right in declining to vacate and set it aside and permit the appellants to have their damages assessed under the proceedings which it annulled.

The assignments of error are overruled, and the order or decree of the court below is affirmed.