## Strauss *v.* W. H. Strauss & Company, Inc. (et al., Appellant).

Argued October 5, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harry Doerr,* with him *William H. Burd,* for creditor, appellant.

*Morton Meyers,* of *Graham, Yost & Meyers,* with him *Fox, Rothschild, O'Brien & Frankel,* for receivers, appellees.

OPINION BY MR. JUSTICE STERN, November 12, 1937:

The Court of Common Pleas of Cambria County, sitting in equity, appointed receivers for W. H. Strauss & Company, Inc., a Pennsylvania corporation which had become insolvent. The largest creditor was United States National Bank in Johnstown, which held two notes of the company aggregating $97,000. These notes, subject to a set-off of the amount of the company's funds on deposit, were not challenged by the receivers, but the question arose as to the proper deduction that should be made by reason of collateral security held by the bank. This collateral consisted of two mortgages, one for $50,000, the other for $25,000, both secured upon a property in Altoona. The bank was granted by the court permission to foreclose, and accordingly entered judgment in Blair County on the bond accompanying the $50,000 mortgage, and the property was sold at sheriff's sale to the mortgagee for the sum of $83.64, the amount of costs in the case. The bank was obliged to pay $737.79 for delinquent taxes levied and assessed against the property prior to the receivership.

Shortly after the sale the receivers, proceeding under the Deficiency Judgment Act of January 17, 1934, P. L. 243, petitioned the Court of Common Pleas of Blair County to fix the fair value of the property and to enter a deficiency judgment for the balance found to be due. A copy of the petition was served on the bank, and a hearing was had at which real estate experts testified for the receivers and others for the bank. The Blair County court decreed that the fair value was $31,000, and entered a deficiency judgment for the remainder of the indebtedness but with an addition for expenditures of costs, insurance premiums, taxes and counsel fees incurred in connection with the foreclosure. No exception or appeal was taken by the bank from this judgment.

When the receivers' account came up for audit, counsel for the receivers offered in evidence, without objection, a certified copy of the record of the Blair County

court determining the value of the real estate and entering the deficiency judgment. In accordance therewith the court fixed the claim of the bank at its face amount, with interest to the date of the appointment of the receivers, less the set-off of the deposit, and less the amount of $31,000, fair value, as reduced by the items of costs, insurance premiums, taxes and counsel fees which the bank had been obliged to pay to obtain title. From the dismissal of its exceptions to the order of distribution the bank now appeals, its contention being that in view of the fact that the Deficiency Judgment Act was declared unconstitutional, its claim should have been reduced only by $83.64, the price realized at the sheriff's sale. It also insists that it is entitled to a preference out of the general assets of the company for the sum of $737.79 which it paid for accrued taxes on the property.

In *United Security Trust Company Case*, 321 Pa. 276, the "bankruptcy rule" was adopted in Pennsylvania, instead of the "equity" or "chancery rule," thereby establishing that a secured creditor, in presenting his claim in insolvency proceedings, must first deduct the value of his collateral. The question involved in the present case is whether that value should be measured by the proceeds of the mortgage foreclosure, or by the "fair value" fixed by the court. When, in pursuance of the Deficiency Judgment Act, the court in Blair County found the fair value of the property to be $31,000 and entered a deficiency judgment based upon a credit to that extent, the judgment established that in the eye of the law the mortgagee had been paid the amount of such valuation, and that the mortgagor was therefore indebted only for the balance, just as if the mortgagee had realized from the collateral $31,000 in cash. The bank could, then, file a claim only upon that basis. It contends, however, that the consequence of the decision invalidating the Deficiency Judgment Act *(Beaver County Building & Loan Association v. Winowich*, 323

Pa. 483[1]) was to reëstablish the principle of the common law that the sum realized at the sheriff's sale was the conclusive determinant of the amount of the deficiency recoverable upon the bond.[2] But, jurisdiction having attached, and no appeal having been taken *(Fine v. Soifer,* 288 Pa. 164, 173), the judgment of the Blair County court as to the amount remaining due is not impaired by the fact that it was based upon a statute subsequently declared to be unconstitutional. The decision

---

[1] Counsel for the receivers request the court "to reconsider the decision in the *Winowich* case if it becomes necessary to do so in this case," citing the decision of the United States Supreme Court in *Richmond Mortgage and Loan Corporation v. Wachovia Bank & Trust Co.,* 57 Sup. Ct. Rep. 338. The Deficiency Judgment Acts of 1934 and July 1, 1935, P. L. 503, have expired by their own limitation, and the question is therefore moot. It may, however, be pointed out that the decision in the *Wachovia* case does not militate against the conclusions reached in the *Winowich* case. The remedy of foreclosure by bill in equity had always been available to mortgagees in North Carolina, but the law of that state also sanctioned an alternative remedy if the deed of trust so provided, namely, the sale of the pledged property by the trustee. In such case, if the mortgagee himself became the purchaser at the trustee's sale, he could, in an action at law, recover the difference between the price he had bid and the amount of the indebtedness. A statute was passed providing that if the mortgagee himself became the purchaser and afterwards brought an action at law for a deficiency, the jury should find the true or fair value of the property and judgment should be allowed only for the difference between that value and the amount of the debt remaining unpaid. The Supreme Court held that this act was unobjectionable because, there being two remedies, the legislature might have abolished that of a trustee's sale altogether without violating any constitutional right. The court pointed out that it was still open to the mortgagee to proceed by bill in equity to foreclose the security, in which case the chancellor could award a money decree for the amount by which the proceeds of the sale fell below the amount of the indebtedness.

[2] The rule is frequently stated to be that the amount realized at the sheriff's sale conclusively determines the value of the property. It is perhaps more correct to say that it conclusively fixes the amount of the deficiency that may thereafter be recovered. The

became the law of the case, and neither of the parties to it can now collaterally assail or controvert it: *Northampton County v. Herman,* 119 Pa. 373; *County of Schuylkill v. Boyer,* 125 Pa. 226; *Philadelphia v. Ridge Avenue Railway Co.,* 142 Pa. 484; *Pulaski Avenue,* 220 Pa. 276; *Clear Springs Water Co. v. Catasauqua Borough,* 231 Pa. 290, 296; *Knowles's Estate,* 295 Pa. 571, 591. "It is a matter of no consequence now that the act of 1872, upon which judgment was entered for the amount of the tax, was unconstitutional and void; judgment having been entered, and no appeal taken, the subject matter of the issue in that suit is res judicata": *Philadelphia v. Ridge Avenue Railway Co.,* supra, 493.

Even under the common law, unaffected by the Deficiency Judgment Act, the receivers, as representatives of the creditors of the insolvent corporation, could have shown the value of the collateral held by the bank without being bound by the price obtained at the sheriff's sale. It was pointed out in *Beaver County Building and Loan Association v. Winowich,* 323 Pa. 483, 490n, and cases there cited, that the price realized at such a sale was not conclusive of valuation as between the mortgagee and other creditors of the mortgagor or between the mortgagee and third persons generally.

The receivers put in evidence the decree of the Blair County Court fixing the fair value of the property. The bank does not question that valuation as such, nor object to the use of the judicial record to establish it; its objection is to the acceptance of *any* valuation other than that measured by the sum realized at the sheriff's

---

rule is not concerned with the value of the property; what it holds is that the determination of such value is immaterial, since the mortgagee is contractually entitled to the money due on the bond, and, in pursuing the ancient right of foreclosure, cannot be compelled to accept real estate, regardless of its value, as part performance of the mortgagor's obligation to pay the debt in cash. What the *Winowich* case decided was that this obligation could not be impaired by a statute operating *retrospectively.*

sale. For the reasons pointed out its position in that regard is untenable.

The bank claimed a preference out of the general assets of the insolvent corporation in the amount which it was obliged to expend for taxes accruing on the mortgaged premises prior to the receivership. While the payment of these taxes entitled it to subrogation to the rights of the governmental body which had imposed them *(Pennsylvania Co., Trustee, v. Bergson,* 307 Pa. 44, 55; *Franklin Trust Co. of Philadelphia Case,* 319 Pa. 193, 198), even the latter is not given a statutory preference out of any assets other than the property itself. The amount paid for taxes and similar items, as expenditures necessary to realize upon the security, was properly allowed by the court as a part of the general claim of the bank.

The decree of the court below is affirmed; costs to be paid by appellant.