## Fidelity-Philadelphia Trust Co. et al., Executors, v. The Harry Weinmann Building & Loan Assn.

*Murdoch, Paxson, Kalish & Green*, for plaintiffs.
*Wessel, Bennett & Weiss*, for defendant.

BONNIWELL, J., February 19, 1940.—This cause came on to be heard before Bonniwell, J., without a jury, on January 22, 1940.

Plaintiffs instituted an action in assumpsit to recover the sum of $194.74, with interest, and alleged, in their statement of claim, that on October 1, 1923, Fred Swartz

executed and delivered to Theodore E. Nickles, a bond, accompanied by a mortgage, to secure payment of the principal sum of $6,000, upon premises 5729 Crittenden Street, Phila., which bond and mortgage were assigned by Nickles to the Olney Bank & Trust Company, and by the latter to plaintiffs; that on November 14, 1932, defendant association took title to the mortgaged property, and retained title until December 14, 1937; that by reason of default under the terms of the bond and mortgage, foreclosure proceedings were instituted by plaintiffs and the mortgaged premises were purchased by it at sheriff's sale, on April 4, 1938, for $75; and that, as purchasers, plaintiffs were obliged to pay 1937 taxes assessed against the premises, in the sum of $194.74.

The affidavit of defense alleges that plaintiffs released defendant from any and all liability for the payment of taxes assessed for the year 1937 against the mortgaged premises, by writing filed of record in the foreclosure proceedings.

The release discharged defendant, inter alia, "from all personal liability on the mortgage debt, interest, costs, taxes and municipal claims in accordance with the act of assembly approved by the Governor on July 2, 1937, with respect to foreclosure sales of real estate, in order that said assignee of the mortgage may issue execution against the mortgaged premises".

At the trial, plaintiffs offered in evidence the admissions in the affidavit of defense of averments in the statement of claim, and rested.

Defendant offered the release in evidence and rested.

Counsel for plaintiffs presented to the trial judge requests for findings of fact, in part:

"9. There is no proof of a release by plaintiff of defendant's liability.

"10. There is no proof of any contract entered into between plaintiffs and defendant releasing defendant's liability.

"11. There is no proof of estoppel against plaintiffs.

"12. There is no proof that the question was ever adjudicated."

And requests for conclusions of law, in part:

"2. There can be no release of liability without a contract bargained for and supported by consideration or sealed and delivered.

"3. Even if there had been a release, defendant could not be protected by it, since the release is conditional upon the validity of an act of legislature, which act was held unconstitutional.

"4. The paper filed of record in the foreclosure proceedings could not operate as a release of defendant's tax liability since the paper speaks in the present tense and plaintiff's right did not arise until afterward.

"5. Defendant's liability is not res adjudicata, the matter never having been litigated in any court.

"6. Plaintiffs are not estopped from asserting defendant's liability since no estoppel was pleaded."

In support of their requests, plaintiffs urge that the mere filing of the release does not make out a contract and in the absence of a bargaining, a meeting of the minds, a mutual assent, there is no contract: A. L. I. Restatement of Contracts §23; Rees v. R. A. Bowers Co., 280 Pa. 474, 478; that the release lacks consideration as it is not under seal and was not delivered: Kidder v. Kidder et al., 33 Pa. 268; A. L. I. Restatement of Contracts §402; 53 C. J. 1200; McNutt v. Loney, 153 Pa. 281; Cottrell's Estate, 2 W. N. C. 83; Codding, Admr., et al. v. Wood, 112 Pa. 371; Flaccus v. Wood, Executrix, 260 Pa. 161; Third National Bank & Trust Co. of Scranton v. Rodgers, 330 Pa. 523; that since the act was void, there never was a consideration; that consideration must be the price of a promise: A. L. I. Restatement of Contracts §73; Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361; York Metal & Alloys Co. v. Cyclops Steel Co., 280 Pa. 585; that defendant by doing nothing and saying nothing cannot have the rights of a contracting party; that the release must fall with the act; that

*the whole purpose of the release was to afford an opportunity to issue execution unimpeded by delay;* that since the whole purpose of the release falls, the release must fall with it: Saeger, to use, v. Runk, 148 Pa. 77; Benson v. Mole, 9 Phila. 66; that the validity of the act was merely a condition to a release, and a *void act,* a *void release;* that at the time the release was filed defendant was not liable to plaintiffs for the taxes; that defendant could not have relied upon the release in the legal sense and an essential element of estoppel is missing.

Defendant contends that plaintiffs cannot repudiate the release, because the act, under which they proceeded, was declared unconstitutional: Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483; Real Estate Trust Co. of Phila. v. Kahler et ux., 30 D. & C. 206; Beaver Falls B. & L. Assn. v. Froimson et ux., 30 D. & C. 489; Strauss v. W. H. Strauss & Co., Inc., et al., 328 Pa. 72; Clear Springs Water Co. v. Catasauqua Borough, 231 Pa. 290; that the matter is res adjudicata, as plaintiffs cannot disavow an act that they have done in the former proceedings: Philadelphia v. Ridge Avenue Ry. Co., 142 Pa. 484; that had no release been filed of record and the proceedings to fix a fair value of the property followed and the value fixed, defendant would be in a position to protect itself at the time of the sale of the property by bidding thereon, but having been lulled into sleep by the act of plaintiffs, it would now be prejudiced.

Defendant relies on the case of City Deposit Bank & Trust Co. v. Zoppa, 336 Pa. 379, where judgment was entered on a bond accompanying a mortgage executed by defendant and the mortgaged premises were sold to plaintiff mortgagee for a sum less than the amount remaining due to plaintiff. More than a year later, defendant, after notice to plaintiff, presented a petition for the satisfaction of the mortgage. Plaintiff did not oppose the motion and the court directed the prothonotary to enter satisfaction of the judgment upon the docket.

More than two years later plaintiff filed a petition averring that the Deficiency Judgments Act of July 1, 1935, P. L. 503, "upon the authority of which the above judgment was marked satisfied, had been held unconstitutional", and that the court had been without power to authorize the prothonotary to satisfy the judgment, and plaintiff obtained a rule to show cause why the satisfaction should not be stricken from the record. It further appeared that striking off the satisfaction would prejudice defendant in other properties which defendant owned and on which the judgment would become a lien. Plaintiff's rule was discharged. Upon appeal, the court held (pp. 381, 382) :

"The statute, such as it was, was a fact in the case. Why, then, is the plaintiff not bound by its own conduct. . . . Acts done pursuant to statute may be sustained though it be subsequently held unconstitutional: *Phila. v. Ry. Co.*, 142 Pa. 484, 21 A. 982; *Strauss v. Strauss & Co.*, 328 Pa. 72, 194 A. 905. In the first case it appeared that the city of Philadelphia for many years acted on the assumption that the legislation subsequently held invalid was valid; it was therefore held that the city was estopped on equitable grounds from subsequently repudiating its prior construction and recovering from a defendant on the theory that the law had been void from the beginning."

In the instant case, the same question is presented: "Why, then, is plaintiff not bound by its own conduct?"

At the time the release was filed of record there was a definite liability, on the part of defendant, to the City of Philadelphia, for taxes, which became due on January 1, 1937. Plaintiffs chose to assume that the Act of 1935, supra, was constitutional, and to release defendant from its tax liability, then due, to avoid delay in their execution. In consequence, defendant did nothing, for its own protection, at the time of the sheriff's sale. Plaintiffs are thereby estopped, on equitable grounds, from repudiating their own construction of the act, under which the re-

lease was filed, and from now recovering from defendant on the theory that because the act proved to be void the release was void.

Court finds for defendant.