## In re Olyphant Borough Councilmen

*James J. Powell* and *Earl V. McLaughlin,* for petitioners.

*Philip V. Mattes,* for county commissioners.

*Walter W. Harris,* amicus curiae.

LEACH, P. J., August 23, 1943.—This is a petition by certain candidates for the office of councilman in

the Borough of Olyphant to vacate an order decreasing the number of councilmen from three to one. Said order was made in 1934 under the authority of The General Borough Act of May 4, 1927, P. L. 519, sec. 816, 53 PS §12707.

Certain courts have refused to exercise jurisdiction under the above act, claiming that the act is unconstitutional. No opinion setting forth the grounds for the unconstitutionality of the act has ever been reported. There is no history of any action by an appellate court thereon. Petitioners claim that the act is an unconstitutional delegation of legislative authority.

All acts under a statute later declared unconstitutional are not necessarily void. A court may uphold the action or judgment under the unconstitutional statute. Cases illustrating this principle are: City Deposit Bank & Trust Co. v. Zoppa, 336 Pa. 379; Philadelphia v. Ridge Ave. Ry. Co., 142 Pa. 484; Strauss v. W. H. Strauss & Co., Inc., et al., 328 Pa. 72; Hepburn v. Hey et al., 345 Pa. 125; Rigby et al. v. Great Atlantic & Pacific Tea Co., 139 Pa. Superior Ct. 543; Clark v. Commonwealth, 29 Pa. 129; Commonwealth v. McCombs, 56 Pa. 436; King v. Philadelphia, 154 Pa. 160.

It is not necessary for the decision of this case to pass upon the constitutionality of the statute which gives the courts authority to reduce or increase the number of councilmen. It is presumptively valid. If it be unconstitutional, the action has been acquiesced in for so long a period that there is no occasion to interfere at this time.

The court of Luzerne County, which had declared the act unconstitutional, refused to revoke previous orders decreasing the number of councilmen in In re Borough of Kingston and In re Borough of Exeter, 34 Luzerne Leg. Reg., pp. 51, 52, saying:

"However, this Court, after argument before the Court *en banc* and full consideration, does not feel justified at this late day in overturning an order en-

tered by this Court six and one-half years ago then made by consent and without opposition. To overturn said order and the one made in the Exeter case over sixteen years ago would seriously disturb the *status quo* in the two boroughs named, would cause confusion and would be in effect, now to increase the number of councilmen in said boroughs, which we have no statutory power to do."

Now, August 23, 1943, rule to vacate order is discharged.