Connellsville Township Supervisors, Appellant, *v.*
City of Connellsville and Paul V. Mahoney,
Trustee for Margaret Grace Cochran,
Appellees.

Argued May 7, 1974, before President Judge BOW-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*William H. Soisson, Jr.,* for appellants.

*Robert E. Eberly, Jr.,* with him *Paul V. Mahoney,*
for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 31, 1974:

This appeal is from an order of the Court of Com-
mon Pleas of Fayette County discharging a rule to show
cause why a decree dated April 4, 1972, should not be
opened and vacated. That decree sustained preliminary
objections to a complaint filed by Connellsville Town-
ship Supervisors (Appellant) which challenged an an-

nexation proceeding commenced after April 23, 1970 under the Third Class City Code, Act of June 23, 1931, P. L. 932, 53 P.S. §§35501 *et seq., inter alia,* contending that it violated Article IX, Section 8, of the 1968 Constitution of Pennsylvania because the proceedings failed to provide for an initiative and referendum. In sustaining the preliminary objections and approving the annexation, the lower court held that this constitutional provision was not self-executing and that the "two-year time limitation therein set forth is merely hortatory and does not constitute an express or implied repealer of all extant legislation in those areas" and therefore the annexation provisions of the Third Class City Code controlled. This decision was not appealed.

Following our holding in *Middle Paxton Township v. Borough of Dauphin,* 10 Pa. Commonwealth Ct. 431, 308 A. 2d 208 (1973), that the time limitation of Article IX, Section 8 is mandatory, and that in the absence of supplantive uniform legislation, initiative and referendum is the only procedure available to authoritatively effect changes in municipal boundaries after April 23, 1970, Appellants filed a petition for a rule to show cause why the prior judgment should not be opened. It relied on *Middle Paxton Township v. Borough of Dauphin, supra,* contending that it conclusively determined that the instant annexation proceedings under the Third Class City Code were null and void. Being so, Appellant argues that the court was without jurisdiction to approve the annexation ordinance in issue. The rule was discharged on October 29, 1973, the lower court finding that the prior unappealed decree was *res judicata.*

We agree.

Initially, we note that the identities of party, cause of action, and thing sued for, all the time honored prerequisites to the application of the doctrine of *res judicata* are present here. *McCarthy v. Township of Mc-*

*Candless,* 7 Pa. Commonwealth Ct. 611, 300 A. 2d 815 (1973); *Philadelphia v. Stradford Arms, Inc.,* 1 Pa. Commonwealth Ct. 190, 274 A. 2d 277 (1971). These facts being indisputable, counsel for Appellant argues that the prior judgment is open to collateral attack because the lower court was without jurisdiction to render a judgment since the underpinning of its authority to approve the annexation [the annexation petition having been brought under the Third Class City Code without provision for initiative and referendum] was subsequently declared to be null and void. Appellant falters in this argument because, although a court may have no jurisdiction over a particular subject matter, it may have jurisdiction to determine the question of its own jurisdiction, and an unappealed final determination of its subject matter jurisdiction—albeit erroneous—is *res judicata* as to those litigants. *Durfee v. Duke,* 375 U.S. 106, 84 S. Ct. 242, 11 L. Ed. 2d 186 (1963); *Stoll v. Gottlieb,* 305 U.S. 165, 59 S. Ct. 134, 83 L. Ed. 104 (1938); *Pulaski Avenue,* 220 Pa. 276, 69 A. 749 (1908); *Kase v. Best,* 15 Pa. 101 (1850); Restatement, Judgments §10 (1942), comment a.

*Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S. Ct. 317, 84 L. Ed. 329 (1940) presents an application to this rule in an analogous, if not weaker, situation. In 1936, a federal district court entered a final decree approving a plan of readjustment of the indebtedness of a municipal authority pursuant to the Municipal Debt Readjustment Act of 1934.[1] The decree cancelled the defaulted bonds and enjoined the bondholders from pursuing redemption. The validity of the statute was uncontested in that proceeding, and the decree went unappealed. The Supreme Court thereafter declared the statute unconstitutional,[2]

---

[1] 48 Stat. 798.

[2] *Ashton v. Cameron County District,* 298 U.S. 513, 56 S. Ct. 892, 80 L. Ed. 1309 (1936).

and two bondholders, who were parties to the first action, brought an action in the same district court to collect the bond obligations previously cancelled. The district court and circuit court rejected the *res judicata* defense asserting that the prior decree was a nullity since the jurisdiction of the bankruptcy court depended upon an unconstitutional statute. The Supreme Court reversed and sustained the defense of *res judicata* though the question of the bankruptcy court's jurisdiction had not been raised or litigated in the original proceeding. The Court held that, despite the subsequent determination in another proceeding that the court lacked jurisdiction, the district court, nevertheless, had "the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is *res judicata* in a collateral action." 308 U.S. at 377, 60 S. Ct. at 320, 84 L. Ed. at 334.

This application of the doctrine of *res judicata* to jurisdictional determinations which are subsequently determined to be erroneous has long been followed in Pennsylvania. In *Strauss v. W. H. Strauss & Company, Inc.*, 328 Pa. 72, 194 A. 905 (1937), our Supreme Court held that a final deficiency judgment entered prior to the determination of the unconstitutionality of the Deficiency Judgment Act[3] and based thereon, was *res judicata* and thus enforceable. The late Chief Justice STERN observed: "But jurisdiction having attached, and no appeal having been taken . . . the judgment of the Blair County court as to the amount remaining due is not impaired by the fact that it was based upon a statute subsequently declared to be unconstitutional. The decision became the law of the case, and neither of the parties to it can now collaterally assail or controvert it." 328 Pa. at 76, 194 A. at 907.

---

[3] Act of January 17, 1934, P. L. 243.

Although this broad principle admits to exceptions,[4] none are present here. At the time of the lower court's decision in 1972, there was no appellate authority on the question of whether or not Article IX, Section 8 of our Constitution was self-executing. In reality, the jurisdiction of the lower court itself is not here attacked, but its determination of the legal question of whether the annexation was procedurally defective. There is no question but that the court had jurisdiction, a complaint having been filed by Appellants under the Third Class City Code, to determine this issue. Having done so, the fact that its construction of Article IX, Section 8 was erroneous does not make the determination any less binding upon the parties to that proceeding.

Affirmed.

---

[4] As the Supreme Court recognized in *Durfee v. Duke, supra,* on the federal level, the doctrines of federal preemption and sovereign immunity may take precedence over the finality of a jurisdictional determination. In Pennsylvania, the courts have differentiated between jurisdictional determinations which are void on their face, i.e., where the want of jurisdiction is patent, and those where the determination is based upon extant jurisdictional facts, or merely an error of law, the unappealed determinations of which are binding. *See Huffsmith v. Levering,* 3 Wharton 110, 116 (1838); *Com. ex rel. Howard v. Howard,* 138 Pa. Superior Ct. 505, 10 A. 2d 779 (1939). The Restatement, Judgments, §10(2) suggests various factors, including those mentioned above, which must be weighed before a jurisdictional determination is to be given *res judicata* effect. We have done so and find its application proper in this case.