J-S45029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY JAMES MUSHAT, | |
| Appellant | No. 1794 WDA 2015 |

Appeal from the PCRA Order of October 14, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000015-2004

BEFORE: OLSON, DUBOW AND PLATT,* JJ.

CONCURRING AND DISSENTING STATEMENT BY OLSON, J.:

**FILED OCTOBER 28, 2016**

I agree with the learned Majority that Appellant's "Permission to En Banc Post Conviction Collateral Relief" filing was a petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. I also agree with the learned Majority that the PCRA court erred by failing to appoint counsel to litigate Appellant's first PCRA petition and we lack jurisdiction over the order dismissing Appellant's first PCRA petition. I disagree, however, with the learned Majority's conclusion that we have jurisdiction to require the PCRA court to appoint counsel to litigate this, Appellant's second, PCRA petition. Therefore, I respectfully concur in part and dissent in part.

---

*Retired Senior Judge assigned to the Superior Court.

"This Court will only have jurisdiction over an appellant's second PCRA petition when it complies with the [PCRA's timeliness] requirement[]." *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002); *Commonwealth v. Harris*, 114 A.3d 1, 6 (Pa. Super. 2015) ("[W]e likewise lack jurisdiction to consider an appeal from disposition of [an untimely PCRA] petition.").[1] A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on December 23, 2005, 30 days after this Court affirmed his judgment of sentence. Appellant's present petition, his second, was filed on or about September 21, 2015. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[1] We always have jurisdiction to consider our own jurisdiction. ***See Commonwealth ex rel. Cook v. Cook***, 449 A.2d 577, 581 (Pa. Super. 1982), *citing* ***Connellsville Twp. Sup'rs v. City of Connellsville***, 322 A.2d 741, 742 (Pa. Cmwlth. 1974)

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Failure to plead the applicability of a timeliness exception in the PCRA petition renders this Court without jurisdiction to consider the merits of the petition. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468-469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). In this case, Appellant's second PCRA petition did not allege that he satisfied one of the PCRA's timeliness exceptions. Accordingly, he failed to plead and prove the applicability of a timeliness exception and this Court lacks jurisdiction to order the PCRA court to appoint counsel to litigate Appellant's second PCRA petition.

Accordingly, I believe that we are constrained to affirm the PCRA court's October 14, 2015 order dismissing Appellant's second PCRA petition. Therefore, I respectfully concur in part and dissent in part.