# McElroy, Appellant, *v.* Filby.

*Nuisance — Continuance—Former recovery—Issue adjudicated —Facts in issue—Damages.*

In an action of trespass for damages for the continuance of a nuisance a verdict and judgment in a former action conclusively adjudicated (1) that the structure was erected and maintained by the defendant down to and including the time of the grievance complained of in the first action; (2) that it was negligently and improperly constructed; and (3) that, by reason thereof, it was the cause of the injuries complained of in that action. On proof that the nuisance had not been remedied the plaintiff was entitled to a verdict for the actual damages he had sustained and such punitive damages as would compel the defendant to abate the nuisance.

Where the nature of the case was such that the amount cannot be ascertained with certainty, jurors are allowed to act upon probable and inferential, as well as direct and positive proof.

Argued November 13, 1923. Appeal, No. 280, Oct. T., 1923, by plaintiff, from judgment of C. P. Lancaster Co., Sept. T., 1921, No. 43, on verdict for defendant in the case of E. W. McElroy v. Laura Filby. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass for damages for the continuance of a nuisance. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*B. F. Davis,* and with him *B. F. Davis, Jr.,* for appellant, cited: Smith v. Elliott, 9 Barr 345; Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438; Bell v. Alle-

gheny Co., 184 Pa. 296; Kilheffer v. Herr, 17 S. & R. 319; Ellis v. The Academy of Music, 120 Pa. 608.

*John M. Groff,* for appellee.

OPINION BY PORTER, J., February 29, 1924:

This is an action for the continuance of a nuisance. A verdict and judgment for the plaintiff in a former action in which the same matter was in controversy between the parties, were properly averred in the statement of plaintiff in the present case and offered in evidence at the trial. The trial of the present action in the court below resulted in a verdict and judgment in favor of the defendant, and the plaintiff appeals.

The plaintiff and the defendant are the owners and in possession of adjoining properties in the Borough of Marietta and the statement in the present action, as in the former, averred that owing to the manner in which the roof of defendant's building was constructed and maintained the water, during rains or melting snows, runs from defendant's roof upon and into plaintiff's dwelling, the said water passing from the eaves of defendant's dwelling into the plaintiff's house and under the roof of plaintiff's house, rendering it inconvenient and unsafe for the use of the plaintiff and his family, and also making it impossible for the plaintiff and his family to occupy some of the rooms, especially a large room in the back building, and renders plaintiff's premises unhealthy, damp, and the atmosphere foul therein, constituting a nuisance to the plaintiff and his premises. This was a sufficient averment of a nuisance of a continuing nature. The maintenance of the structure which discharged the water into plaintiff's building was a constant challenge of plaintiff's right. The opinion of the learned judge of the court below refusing a new trial indicates that he took the view that the nuisance did not continue at all times, for the reason that it was only when it rained that injury resulted to plaintiff's prop-

erty. It seems reasonable, however, to hold that the plaintiff was not complaining that it rained, but that the defendant's building was so constructed that it threw the rainwater upon the property of the plaintiff. The faulty construction of the building was the injury complained of.

The former recovery conclusively adjudicated: (1) that the structure was erected and maintained by the defendant down to and including the time of the grievance complained of in the first action; (2) that it was negligently and improperly constructed; and (3) that, by reason thereof, it was the cause of the injuries complained of in that action, namely, that water was discharged upon and into plaintiff's dwelling, and rendered his premises unhealthy and damp and the atmosphere therein foul: Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438; Ellis v. Academy of Music, 120 Pa. 608; Bell v. Allegheny County, 184 Pa. 296. The plaintiff having in the present action declared for a continuance of the nuisance, all that he was required to do was to give in evidence the record in the former recovery, and to prove that the nuisance remained in the same, or worse situation than before. On proof it had not been remedied, the plaintiff is entitled to a verdict for the case cannot be retried: Smith v. Elliott, 9 Pa. 345. The record in the former action ought to have been admitted in evidence and the first assignment of error is sustained.

It was entirely competent for the plaintiff to offer evidence that, subsequently to the institution of the first action, his house had been flooded by rainwater coming from the roof of defendant's house, so that it was impossible for him to occupy some of the rooms after a heavy rain. The learned judge of the court below held that such evidence was inadmissible and that the plaintiff could only testify to "what it cost him. If he paid anything by reason of this, he can show it." This was error and the second assignment is sustained. The plain-

tiff should have been permitted to introduce evidence tending to establish that the defendant had taken no steps whatever to prevent the flow of water upon his premises since the former action was brought. He should have been permitted to introduce evidence that the discharge of rainwater into his building rendered it unhealthy, unwholesome and inconvenient to live in, and the third, fourth and fifth assignments of error are sustained. During the charge of the court to the jury, counsel for the defendant suggested: "There could be no recovery except for money expended." Whereupon the judge instructed the jury as follows: "No, you cannot take into account anything except what he has expended. There is no evidence to show any depreciation; there is no allegation of that in his statement, that is, in the papers here. A lawyer must file a statement of claim, setting forth what he claims and there is nothing of that kind set forth in the statement. The jury could not take into account at all any depreciation of the property. It is what he paid out for loss by reason of her negligent act in this regard." Thereupon counsel for plaintiff said to the judge: "If your honor please, ain't he entitled to something for the inconvenience he was put to when it wet his rooms?" The court replied: "No, sir. There is no proof, at all, on that subject. That cannot be recovered." Here the court erred. The plaintiff had distinctly testified that at the time of every rain since the former action the water from defendant's roof ran into his dwelling; that they had to use vessels on the inside to catch the water, in his bedroom. He testified that this had been continuous, saying: "and more especially whenever there is a heavy snowfall, that the water cannot escape." The averments of injury contained in his statement were sufficiently broad to cover all these matters. It is true that plaintiff had not stated the amount of his damages in dollars and cents. The nature of the case was such that the amount of damage could not be ascertained with certainty. Jurors are al-

47, (1924).]          Opinion of the Court.

lowed to act upon probable and inferential, as well as direct and positive proof. "The ordinary intelligence and experience of jurors is sufficient to enable them to say with reasonable accuracy how much it would cost to repair damages such as were described by the witnesses in this case. But, if it were otherwise, the plaintiffs were entitled under the evidence to at least nominal damages, unless their witnesses were disbelieved": Hartman v. Incline Plane Co., 159 Pa. 445. The former recovery conclusively established that the structure as then maintained was a nuisance and injurious to plaintiff's right; if the structure remained the same and continued to discharge water into plaintiff's house, the plaintiff was entitled to such punitive damages as would compel the defendant to abate the nuisance: Ellis v. Academy of Music, supra. The seventh assignment of error is sustained.

The judgment is reversed and a new trial awarded.