In Re: Appeal of Meadowbrook Properties, Inc. From Decision of Tax Claim Bureau. Meadowbrook Properties, Inc., Appellant.

Argued April 11, 1985, before Judges MacPHAIL and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

342

*Franklin H. Spitzer,* with him, *Barry M. Klayman,* of counsel: *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*Robert A. MacDonnell,* Solicitor, of counsel: *Obermayer, Rebmann, Maxwell & Hippel,* for appellee, Abington School District.

*R. Stephen Barrett,* for appellee, County of Montgomery.

OPINION BY SENIOR JUDGE BARBIERI, May 20, 1985:

Meadowbrook Properties, Inc. (Meadowbrook), filed this appeal from an order of the Court of Common Pleas of Montgomery County which upheld increases in real estate taxes on Meadowbrook's fifty-eight acre apartment complex (complex) for the tax years 1975 through 1977. These increased taxes were brought about by Meadowbrook's unsuccessful appeal from the 1975 assessment of the complex which resulted in an assessed value increase from $1,824,700 to $2,000,000. *See Meadowbrook Properties, Inc. v.*

*Board of Assessment Appeals of Montgomery County (Meadowbrook I)*, 36 Pa. Commonwealth Ct. 425, 388 A.2d 1110 (1978).

The pertinent facts of this case present the following scenario. Following *Meadowbrook I*, Montgomery County (County) and Abington School District (District) sent Meadowbrook revised real estate tax bills for its complex based upon the increased assessed value. Meadowbrook had previously paid the real estate taxes based upon the previous assessed value and refused to pay the increased taxes. Liens were subsequently filed against the complex for unpaid taxes and Meadowbrook filed exceptions to the liens with the Board of Assessment Appeals of Montgomery County (Board). The Board denied Meadowbrook's exceptions as to the 1975 taxes but sustained the exceptions as to the 1976 and 1977 taxes. Meadowbrook appealed the Board's determination to the Court of Common Pleas of Montgomery County contending that the Board erred in denying its exceptions to the lien for the 1975 taxes. The District filed an answer to Meadowbrook's petition and challenged the Board's granting of Meadowbrook's exceptions to the 1976 and 1977 taxes. The County also filed an answer to Meadowbrook's petition. The common pleas court affirmed the Board's denial of Meadowbrook's exceptions to the 1975 tax liens but reversed the Board as to the granting of exceptions to the 1976 and 1977 liens, specifically finding that the County and the District could properly send Meadowbrook revised tax bills where its assessment was increased as a result of a court appeal. Meadowbrook then filed a timely appeal to this Court.

In this appeal Meadowbrook contends that the common pleas court erred: (1) In considering the District's challenge to the granting of its exceptions to the 1976 and 1977 tax liens; and (2) Denying its exceptions to the 1975 tax liens in that both the District and

the County were without statutory authority to increase its real estate taxes as a result of an assessment increase following an appeal from an assessment where none of the taxing authorities appealed the original assessment. We shall address these issues seriatim.

Meadowbrook's contention that the common pleas court erred in considering the District's challenge to its exceptions to the 1976 and 1977 tax liens is based upon its argument that since it was the only appellant from the Board's decision, only it could raise the issues to be considered on appeal. Our review of the applicable statutes convinces us that Meadowbrook's view is erroneous. Section 314(c) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.314(c), specifically states that the issues raised by the petition *and the answer thereto by the taxing district or districts* shall be tried by the court or a jury. The record clearly shows that the District properly raised the issue of the 1976 and 1977 tax liens in its answer to Meadowbrook's petition. Therefore, under Section 314 of the Law, the issue was properly considered by the common pleas court. Meadowbrook's contention to the contrary must be rejected.

We now turn to Meadowbrook's major contention which is that the taxing districts were without statutory authority to raise the real estate taxes on its complex as a result of an assessment increase which occurred following its appeal of the original assessment. We disagree. Section 519 of the General County Assessment Law (Assessment Law), Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-519, quite clearly permits increased real estate taxes following a change in the assessment resulting from an appeal. Specifically, the statute states that an appeal shall *not* prevent the collection of the taxes upon the assessment

fixed or allowed by the judgment of the common pleas court upon a *taxpayer* appeal. Likewise, had Meadowbrook been successful in challenging its original assessment, it would have been entitled to receive a refund of the excess taxes paid as a result of a decreased assessment. As the statute clearly permits taxing authorities to adjust real estate taxes, either upward or downward, as a result of a change in assessment following a common pleas appeal, both the County and the District properly sent Meadowbrook revised tax bills based upon the assessment found by the common pleas court which was affirmed by this Court in *Meadowbrook I.*

We now turn to Meadowbrook's final contention which is that the increased assessment of *Meadowbrook I* did not affect the assessment for the tax years 1976 and 1977. As with its other contentions, this argument is without merit. Section 9 of the Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §5350, provides that where a taxpayer takes an appeal from an assessment, the appeal shall also act as an appeal by the taxpayer for *any* valuation or assessment subsequent to the filing of the appeal with the Board and prior to the determination of the appeal by the courts. Here, Meadowbrook's initial appeal of its 1975 assessment was not finally determined by the courts until the Pennsylvania Supreme Court denied allocatur on *Meadowbrook I* in 1979. As Meadowbrook's assessment appeal was not finally determined by the courts until 1979, its appeal of its 1975 assessment also acted as an appeal of the 1976 and 1977 assessments. Therefore, the increase in assessed value from $1,824,700 to $2,000,000 applied not only to the 1975 tax year but to the 1976 and 1977 tax years as well.

Having found no errors of law committed nor violations of constitutional rights, we shall affirm the order of the common pleas court.

346

AND Now, this 20th day of May, 1985, the order of the Court of Common Pleas of Montgomery County at Docket No. 79-2783, dated December 8, 1983, is hereby affirmed.