514 A.2d 1012

City of Wilkes-Barre Industrial Development Authority and The Wilkes-Barre Inn, a Limited Partnership, Appellants *v.* Board of Tax Assessment Appeals of the County of Luzerne, Appellee.

Argued May 12, 1986, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*John G. Whelley, Jr.,* with him, *Robert D. Schaub, Rosenn, Jenkins* & *Greenwald,* for appellants.

*David R. Lipka,* for appellee.

OPINION BY JUDGE DOYLE, September 11, 1986:

This is a tax assessment case in which Appellants, the City of Wilkes-Barre Industrial Development Authority and the Wilkes-Barre Inn, appeal from the order of the Court of Common Pleas of Luzerne County which established the fair market value of Appellants' property for the 1982 tax year as $4,758,380.00.

This matter was the subject of a prior appeal to this court in *City of Wilkes-Barre Industrial Development Authority v. Board of Tax Assessment Appeals,* 89 Pa. Commonwealth Ct. 182, 492 A.2d 113 (1985) *(Wilkes-Barre I).* In *Wilkes-Barre I* we considered the issue of

whether the Board of Assessment had met its burden to present competent evidence on the issue of fair market value. Although we concluded that the Board had met its burden, we held that the trial court erred in considering certain evidence relating to reproduction costs and balance sheet figures, and remanded the case to the trial court for a reconsideration of the evidence absent these items. On remand, the trial court once again found that the Board's evidence of fair market value for the tax year 1982 was credible, and accepted its figure of $4,758,380.00. The present appeal is from this order of the trial court.

In this appeal Appellants once again argue that the Board did not present competent and credible evidence to meet its burden of proof, raising the identical claims as were raised in its first appeal to this Court. As is clear from a reading of our opinion in *Wilkes-Barre I,* we have already considered and rejected this argument, concluding that the Board's evidence *was* competent. We remanded solely because of the trial court's consideration of additional irrelevant evidence which may have affected its credibility determination. As we clearly stated in *Wilkes-Barre I:*

> In summary, we conclude that although the results of the Board's method of determining fair market value were competent and capable of belief, the trial court relied upon certain irrelevant evidence in reaching its conclusion that the Board's evidence was more credible. Since we cannot say that the court would have reached the same conclusion regarding credibility had the corroborating evidence been properly excluded, we must vacate the court's order, and remand for a reconsideration of the relevant evidence.

*Id.* at 191, 492 A.2d at 118. Since it is apparent that we have already considered Appellants' argument on this

issue, there is no need to address it again in the present appeal.

Appellants now raise the additional argument that the trial court erred in failing to make findings concerning Appellants' assessment for the 1983 and 1984 tax years. The initial appeal to the trial court was decided in July of 1983 and, as was proper, considered only the 1982 tax year assessment. By the time the case was remanded to the trial court in May of 1985, however, the assessments for the 1983 and 1984 tax years had been made.

Appellants contend that once the matter was remanded to the trial court, the trial court had the duty to hear evidence and make findings for the subsequent tax year assessments, citing Section 9(c) of the Act of June 26, 1931, P.L. 1379, *as amended* (Act), 72 P.S. §5350(c), which states:

> If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court.

This Court has held that Section 9(c) of the Act provides for *automatic* appeals of subsequent tax year assessments, so long as the initial appeal remains pending before the court. *Strawbridge & Clothier, Inc. v. Board of Assessment Appeal of Delaware County*, 89 Pa. Commonwealth Ct. 198, 492 A.2d 108 (1985); *Marriott Corp. v. Board of Assessment Appeals*, 63 Pa. Commonwealth Ct. 622, 438 A.2d 1032 (1982). Further, an appeal continues to be "pending" for purposes of this sec-

tion until a final determination has been made by the appellate courts.[1] *Meadowbrook Properties Appeal,* 89 Pa. Commonwealth Ct. 341, 492 A.2d 766 (1985). In *Meadowbrook,* we held that an appeal from a 1975 tax year assessment was not finally determined until the Pennsylvania Supreme Court denied *allocatur* in 1979, and thus that the appeal also acted as an appeal from the 1976 and 1977 tax year assessments. *Id.* at 345, 492 A.2d at 768.

In the present case, the appeal remained pending while on appeal to this Court, and thereafter upon its remand to the trial court. Therefore, while we acknowledge that we did not remand to the trial court with instructions that it consider subsequent tax year assessments, the Act clearly required the court to do so once the case was remanded and the court regained jurisdiction. *See Strawbridge.*

The Board argues that, notwithstanding the automatic appeal provisions of Section 9(c) of the Act, Appellants should be precluded from raising issues on remand which were not raised at the initial hearing before the trial court. At the initial hearing on the 1982 tax year assessment, both parties agreed that the common level ratio to be applied was 21%.[2] When the case

---

[1] The present appeal to this Court was filed by Appellants on October 17, 1985, and although Appellants specifically refer to the 1983 and 1984 tax years only, it is obvious that while the appeal is yet "pending" every subsequent appropriate tax year would be included and subject to the automatic appeal provisions of Section 9(c) of the Act. This eliminates the need for continuous appeals from subsequent orders of a trial court on remand after an appeal.

[2] The use of the term "common level ratio" here and by the parties and trial court has reference to the ratio applied in the county and not the common level ratio established by the State Tax Equalization Board for that same year. See footnote 3. The term as it is used here would be more the equivalent of the term "established predetermined ratio" as used in Section 9(a.1) of the

returned to the trial court on remand Appellants at that time contended that the common level ratio for the 1983 and 1984 tax years should be 14.7%.[3] Since Section 9(a) of the Act requires the court to determine the common level ratio and current market value for *each* tax year under consideration, however, the fact that Appellants agreed to the 21% figure for the *1982* tax year would not bind them to this figure with respect to subsequent tax years which were not, and could not have been, under consideration by the court at the time of the initial hearing.

In addition, we note that the procedure for determining the common level ratio was substantially altered by the Act of December 13, 1982, P.L. 1165 (1982 Amendment), which provided that the common level ratio was to be determined by the State Tax Equalization Board (STEB), and applied only when it deviated by more than fifteen percent from the county's own "established predetermined ratio".[4] The 1982 Amendment became applicable to appeals initiated after January 1, 1983, and thus did not apply to the *original* appeal filed with the Board on December 22, 1981. *See Strawbridge*, 89 Pa. Commonwealth Ct. at 202 n. 3, 492 A.2d at 110 n. 3. As to the subsequent *automatic* appeals, however, these shall be deemed to have been initiated on the last day to file an appeal, and thus would be subject to the provisions of the 1982 Amend-

1982 amendment, the Act of December 13, 1982, P.L. 1165, 72 P.S. §5350 (a.1). See text *infra*.

[3] We take notice that the State Tax Equalization Board (STEB) established the following common level ratio figures for Luzerne County: 1982—16.2%, 1983—14.7%, 1984—13.6%, and 1985—13.6%. The 1983 ratio is published at 14 Pa. B. 2097 (1984) and the 1984 ratio is published at 15 Pa. B. 2690 (1985).

[4] *See* Sections 8(d.2) and 9(a.1) of the Act, 72 P.S. §§5349(d.2), 5350(a.1), and Section 1.1 of the Act, added by the 1982 Amendment, 72 P.S. §5342.1.

ment *if* such "appeal" was subsequent to January 1, 1983. The 1982 Amendment would thus apply to the 1984 tax assessment, but not to the 1983 assessment.

While we cannot determine the actual dates of the subsequent appeals from the record before us in this case, it is clear in any event that the change in the law which occurred in December of 1982, effective January 1, 1983, was itself sufficient justification for Appellant's failure to raise the issue of common level ratio at the initial hearing in 1982 before the Board, and on March 24, 1983 before the court. The STEB common level ratio for 1983 and subsequent years would not have been known at that time. A remand to determine the factual-findings relating to this issue is therefore both necessary and appropriate.

Finally, the Board argues that even assuming Appellant's figure of 14.7% correctly represents the State Tax Equalization Board's common level ratio figure for Luzerne County, this figure should not be applied in this case because it does not deviate by more than fifteen percentage points from the county's established predetermined ratio of 21% (21% - 15% = 6%). Section 9(a.1) of the Act, 72 P.S. §5350(a.1) states:

> The court, after determining the current market value of the property for the tax year in question, shall then apply the established predetermined ratio to such value unless the common level ratio varies by more than fifteen percent from the established predetermined ratio, in which case the court shall apply the common level ratio to the current market value of the property for the tax year in question.

The Board cites *Croasdale v. Dauphin County Board of Assessment Appeals,* 89 Pa. Commonwealth Ct. 409, 492 A.2d 793 (1985), for the proposition that the term "fifteen percent" as provided in this section refers to a

fifteen *point* deviation in the figures rather than a fifteen *percent* deviation from the county's established predetermined ratio.

While we did not directly address this issue in *Croasdale,* we must reject this argument rather emphatically for three reasons. First, the statute itself is clear on its face and states "fifteen percent from the established predetermined ratio." *See* 1 Pa. C. S. §1921 (b); *Black v. Billy Penn Corp.,* 72 Pa. Commonwealth Ct. 628, 457 A.2d 192 (1983). Secondly, the statement from *Croasdale* relied upon by the Board is totally inapposite because the court in that instance was addressing a much different factual situation where the Dauphin County Board of Assessment was using a *base year* fair market value established ten years earlier and the Board, making an adjustment, was using a 30% inflation factor to determine the present market value.[5] And lastly, if we interpreted Section 9(a.1) as the Board suggests it would permit a deviation of fifteen percentage points *above* the county's established predetermined ratio as well as a deviation of fifteen percentage points *below* that ratio; in other words, a thirty point spread between the highest allowable ratio of 36% (21% + 15%) and the lowest of 6% (21% - 15%). Such a circumstance is palpably violative of Article 8, Section 1 of our State Constitution requiring all taxes to be uniform upon the same class of subjects, and in addition violates the principle of statutory construction that the General Assembly does not intend an absurd or unreasonable result. *See generally* Section 1922(1) of the Statutory

---

[5] We stated in *Croasdale:*

Because the Board has determined that the predetermined ratio should be 30%, the product of $12,063.00 must be divided by 30%. Such an adjustment is necessary to correct for the inflation in market value from 1973 to 1983.

*Croasdale,* 89 Pa. Commonwealth Ct. at 412, 492 A.2d at 795.

Construction Act of 1972, §1 Pa. C. S. §1922(1); *see also In Re: Appeal of Armco, Inc.,* 100 Pa. Commonwealth Ct. 452, 515 A.2d 326 (1986).

Accordingly we are constrained to once again remand this case to the trial court for findings relating to each additional year on appeal under the automatic appeal provisions of Section 9(c) of the Act, and in a manner otherwise consistent with this opinion.

### ORDER

Now, September 11, 1986, the order of the Court of Common Pleas of Luzerne County, No. 4079-C of 1982, dated September 17, 1985, is hereby affirmed with respect to the 1982 tax assessment, and the matter remanded for additional findings of fact and conclusions of law with respect to each subsequent tax year on appeal, in accordance with Sections 9(a) and 9(c) of the Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S., §§5350(a), 5350(c).

Jurisdiction relinquished.