535 A.2d 1226

Wilson Townhouses, Sections I & II, Appellant *v.* Berks County Board of Assessment Appeals, Spring Township, Wilson School District, Appellees.

Argued April 21, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Jonathan B. Sprague*, with him, *Steven Kapustin* and *Susan Greenspun, Bluestein, Rutstein & Mirarchi, P.C.*, for appellant.

*Gerald P. Sigal*, Assistant County Solicitor, for appellee, Berks County Board of Assessment Appeals.

*Richard E. Fehling, Stevens & Lee*, for appellee, Wilson School District.

OPINION BY JUDGE DOYLE, January 13, 1988:

Wilson Townhouses, Sections I and II (Appellant) appeals from an order of the Court of Common Pleas of Berks County dismissing its tax assessment appeals for its properties for the tax years 1984, 1985 and 1986. We affirm in part, reverse in part and remand.

On August 31, 1983, Appellant sought review of a tax assessment for tax year 1984 on its property by appealing to Berks County Board of Assessment Appeals. The Board of Assessment Appeals declined to change the assessment, and its decision to Appellant was mailed on September 30, 1983. On November 7, 1983, Appellant filed its appeal from that decision with the court of common pleas. Spring Township and Wilson School District intervened on the side of the Board of Assessment Appeals (collectively, Appellees). After over two years of pretrial maneuvering, during which time

appeals for the tax years 1985 and 1986 were automatically included in the appeal under the provisions of Section 9(c) of the Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §5350(c) (Act),[1] the trial commenced in December 1985. On the third day of trial, after being advised by counsel for Appellees that Appellant had failed to file a timely appeal to the court from the 1984 tax year assessment, the court of common pleas dismissed not only the assessment appeal for 1984, but also the "automatic" assessment appeals for tax years 1985 and 1986, for lack of jurisdiction. Appellant appeals to this Court.

There can be little doubt that the trial court here correctly dismissed Appellant's appeal from the 1984 tax assessment; indeed, counsel for Appellant conceded as much at oral argument. Whether an appeal is timely filed is a jurisdictional question that cannot be waived, *Tarlo v. University of Pittsburgh,* 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982), and it may be raised at any stage of the proceedings by any party, or a court may raise it *sua sponte. See Federated Department Stores, Inc. Appeal,* 78 Pa. Commonwealth Ct. 346, 467 A.2d 908 (1983).

The law generally is that an appeal from a decision of a tax assessment board must be filed within thirty days after the entry of the board's order. Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b); *Chartiers Valley School District Appeal,* 501 Pa. 620, 462 A.2d 673 (1983). If the order is served by mail, the date of mailing is deemed to be the date of entry of the order. Section 5572 of the Judicial Code, 42 Pa. C. S. §5572; *Federated Department Stores.* In the instant case, the decision of the Board of Assessment Appeals concededly

---

[1] Subsection (c) was added by Section 3 of the Act of October 5, 1978, P.L. 1143.

was mailed on September 30, 1983. Appellant, however, did not file its appeal to the court of common pleas until November 7, 1983, which was beyond the thirty-day statutory period. Accordingly, the trial court was left without subject-matter jurisdiction over the assessment appeal for the 1984 tax year, and properly dismissed it.

A knottier problem, however, is whether the trial court also correctly dismissed Appellant's appeal from its 1985 and 1986 tax assessments. Section 9(c) of the Act provides:

> If a taxpayer has filed an appeal from an assessment, so long as the appeal is *pending* before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court.

72 P.S. §5350(c) (emphasis added). We have interpreted this provision to mean that so long as an initial assessment appeal remains pending, any subsequent tax year assessments are automatically appealed. *City of Wilkes-Barre Industrial Development Authority v. Board of Tax Assessment Appeals, County of Luzerne*, 100 Pa. Commonwealth Ct. 486, 514 A.2d 1012 (1986). In the matter *sub judice*, however, the trial court dismissed the "automatic" appeals of Appellant's 1985 and 1986 tax assessments along with the appeal of the 1984 tax assessment, reasoning that since it had no jurisdiction over the untimely 1984 assessment appeal, that appeal was a nullity and, therefore, it had no jurisdiction over the automatic 1985 and 1986 assessment appeals.

The issue presented is one of first impression because prior to 1978 there had been no statutory provi-

sion for "automatic" subsequent appeals, and each tax year had to be separately and timely filed. The issue, then, is whether the appeal of the base tax year, 1984 in this instance, was "pending" within the intent of the statute so as to give a separate status to the subsequent automatic appeals when the statutory time for appealing those tax years was inexorably passing by. More succinctly stated, does the subsequent declaration as untimely of an appeal of the base tax year render the automatic appeals for subsequent tax years void ab initio on jurisdictional grounds? The trial court determined that it did.

Of course, the decision of the trial court is not without its certain logic; but we must add, or concede, that often absolute logic plays little or no part in interpreting statutory law. For such purposes, we refer to the basic tenet of all statutory construction, that is, "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a). We therefore decline to adopt the reasoning of the trial court, logical though it may be.

Initially, examining the Act itself, Section 9(c) states that so long as an initial appeal is "pending," subsequent tax assessments are automatically appealed. "[A]n appeal continues to be 'pending' for purposes of this section until a final determination has been made by the appellate courts." *City of Wilkes-Barre,* 100 Pa. Commonwealth Ct. at 489-90, 514 A.2d at 1014 (footnote omitted). While the trial court was correct in ruling that it had no jurisdiction to determine the merits of Appellant's appeal of the 1984 tax year assessment, it possessed the necessary jurisdiction to make this initial decision. *See Connellsville Township Supervisors v. City of Connellsville,* 14 Pa. Commonwealth Ct. 532, 322 A.2d 741 (1974). Accordingly, until the trial court

reached this question, Appellant's appeal of its 1984 tax year assessment was "pending" before that court within the meaning of Section 9(c) of the Act so that the 1985 and 1986 tax year assessments were automatically appealed to it. And as there can be no question as to the timeliness of these subsequent appeals, it was error for the trial court to dismiss them along with the 1984 assessment appeal.

Our reading of the word "pending" as used in Section 9(c) of the Act is also consistent with principles of statutory construction. Words in a statute are to be given their common meanings. Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903. "Pending" has been defined as "[b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled. . . . [t]hus, an action or suit is 'pending' from its inception until the rendition of final judgment." Black's Law Dictionary, 1291 (4th ed. 1968). Furthermore, absurd or unreasonable results are to be avoided. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1); *Lehigh Valley Cooperative Farmers v. Bureau of Employment Security, Department of Labor and Industry,* 498 Pa. 521, 447 A.2d 948 (1982). It would be an unreasonable result to construe "pending" to exclude appeals later determined to be untimely, especially when, as here, such a construction would result in the dismissal of subsequent "automatic" appeals.

Were we to decide the issue otherwise, the palpable intent of the legislation—to permit automatic appeals, thus eliminating as unnecessary duplicative precautionary appeals and trial consolidation for subsequent tax years—would be totally nullified. In the first instance, because Appellant never appealed to the Board of Assessment Appeals, the Board would have never entered a decision, and the thirty-day time limitation un-

der 42 Pa. C. S. §5571(b) technically would never have begun to run. Furthermore, a contrary decision most assuredly would compel taxpayers and their counsel to continue to file precautionary appeals for subsequent years to protect themselves from just such a procedural error as has occurred here, a circumstance that was intended to be eliminated by the Act. Section 1921(c) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(c), states:

> When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:
>
> (1) the occasion and necessity for the statute.
>
> . . . .
>
> (3) The mischief to be remedied.
> (4) The object to be attained.
> (5) The former law . . .
> (6) The consequence of a particular interpretation.

Under these criteria we believe there is but one conclusion.

Accordingly, the order of the court of common pleas is affirmed in part, reversed in part and remanded.

### ORDER

The order of the Court of Common Pleas of Berks County, No. 65 November, 1983, dated February 19, 1986, is affirmed insofar as it dismisses the appeal of Wilson Townhouses, Sections I and II, from its 1984 tax year assessment. The order is reversed insofar as it dismisses the appeals of Wilson Townhouses, Section I and II, from its 1985 and 1986 tax year assessments, and these appeals are hereby remanded for further proceedings not inconsistent with this opinion.

Jurisdiction is relinquished.