**In re VIRGINIA MANSIONS APARTMENTS, INC., Debtor.**

**Elias J. HAKIM, Jr., Movant,**

v.

**ALLEGHENY COUNTY, Chartiers Valley School District and Township of Scott, Claimants.**

Bankruptcy No. 88–01186.
Motion No. 89–1840–M.

United States Bankruptcy Court, W.D. Pennsylvania.

July 24, 1989.

was an owner of the Debtor but he transferred his interest to an entity known as the Sunland Properties Trust several years prepetition.

█ As a preliminary matter, the court finds that Hakim has standing to pursue this motion because he signed an indemnity agreement holding the Debtor harmless for any taxes owed or assessed for years prior to and including 1979. The taxes at issue involve those tax years. Moreover, Hakim is identified as a creditor in the bankruptcy petition and schedules and, to date, no one has challenged that status in a manner appropriate to bring the issue before the court for decision. Thus, for purposes of this motion, the court finds that Hakim has standing.

The issue before the court is whether the taxing bodies are creditors in this case. Hakim contends they cannot be, because the statute of limitations permitting the taxing bodies to collect taxes owed against this Debtor expired prepetition. The taxing bodies dispute Hakim's interpretation of the applicable law and contend that the statute of limitations has not run and that the claim is an allowable claim.

The parties do not dispute the following facts. In 1975, Chartiers Valley School District and the Township of Scott filed a real estate tax appeal in the Court of Common Pleas of Allegheny County, Pennsylvania, against the Debtor seeking an increase in the assessed value of real estate which the Debtor then owned. It was not until February 22, 1984, that an order was entered in the Court of Common Pleas which fixed the assessed valuation for the years 1976, 1977, 1978 and 1979 at $1,500,-000.00.[1] The order represented an increase of $500,000.00 in the assessed valuation. Shortly after receiving the order of February 22, 1984, Chartiers Valley School District and the Township of Scott billed the Debtor for additional taxes and filed municipal claims against the Debtor, which created a lien against real estate for the relevant tax years. In 1979, long before the

Robert O. Lampl, Michael R. Kelly, Pittsburgh, Pa., for debtor.

John M. Silvestri, Pittsburgh, Pa., for Elias Hakim.

Joan P. Feldman, Pittsburgh, Pa., for Virginia Mansions Condominium Ass'n and Daniel McGrogan.

Robert L. Federline, Pittsburgh, Pa., for claimants.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD,
Bankruptcy Judge.

Before the court is the Motion of Elias J. Hakim, Jr., (Hakim) to Disallow the Claim of Allegheny County, Chartiers Valley School District and Township of Scott, all of which are taxing bodies. This bankruptcy began as an involuntary Chapter 7 filed by Hakim against the Debtor. Subsequently it was converted to a voluntary Chapter 7. Prior to the bankruptcy, Hakim

---

1. The order specifically provided that the assessment was at 50% of market value. Thus, market value was fixed at $3,000,000.00.

entry of the 1984 order and while the action was pending, Debtor transferred the property. The February 22, 1984 order was appealed to the Commonwealth Court and was affirmed in December 1985. Allocatur was denied by the Pennsylvania Supreme Court on November 7, 1986.

 Hakim contends that according to the Pennsylvania Judicial Code, 42 Pa. C.S.A. § 5525,[2] the four-year statute of limitations governs the collection of this tax. Because Hakim believes that the statute began to run on February 22, 1984, he asserts that the action is now barred by the statute of limitations. The taxing bodies contend that the applicable statute of limitations is six years, based on an examination of the following laws: the Real Estate Tax Sale Law, 72 Pa.S.A. § 5860.312[3]; the General Municipal Law, 53 Pa.S.A. § 7251; and the Judicial Code, 42 Pa.C.S.A. § 5527. We need not determine which statute of limitations applies because, whichever it may be, it did not begin to run until the Pennsylvania Supreme Court denied allocatur in 1986. *See Meadowbrook Properties Appeal*, 89 Pa.Cmwlth. 341, 492 A.2d 766, 768 (1985). *See also City of Wilkes–Barre v. Board of Tax Assessment*, 100 Pa. Cmwlth. 486, 514 A.2d 1012, 1014 (1986). Therefore, the earliest the statute could run would be in November, 1990, well within even the minimum four-year limitations period.

 Hakim alleges that the Debtor owned no property at the time the tax liens were filed and therefore that there is no property to which the lien could attach. This argument is without merit inasmuch as the municipal and county tax liens at-

tach from the date of imposition or assessment. 53 P.S. §§ 7102, 7103. *See* 53 P.S. § 7101 ("municipality" defined to include county). They are perfected when filed. 53 P.S. § 7143. Hakim cites *Chartiers Valley School District v. Virginia Mansions Apartments, Inc.*, 340 Pa.Super. 285, 489 A.2d 1381 (1985), for the proposition that the tax claim is not viable against this Debtor. We read the cited case as dealing with the effect of the tax claim and its priority over an intervening lienor and not with the tax claims vis-a-vis the Debtor. *See also*, 53 P.S. § 7432. Regardless of whether there is an *in rem* lien because the Debtor currently owns no property, there is nonetheless an *in personam* tax claim against this corporate Debtor. Because this Debtor is a corporation, the debt will not be discharged. *See* 11 U.S.C. § 727(a)(1). *Cf.*, 53 P.S. § 7432 (certain lost liens do not affect priority of certain intervening liens or mortgages). The statute of limitations has not run inasmuch as the denial of allocatur which finalized the property value and formed the basis for this claim did not occur until 1986.

An appropriate order will be entered.

## ORDER

And now, to-wit, this 24th day of July, 1989, for the reasons expressed in the foregoing Memorandum Opinion, The Motion to Disallow Claims is DENIED.

---

**2.** Although we need not and do not decide which of the several limitations statutes is applicable, we are constrained to note that Hakim's contention that 42 Pa.C.S.A. § 5525 applies because the right to collect a tax is based on a writing, i.e., a statute, is at odds with the clear import of the section. The section was designed to apply to contracts or other writings entered into voluntarily between litigants, and not to statutory actions. As noted in *Schmuck v. Hartman*, 222 Pa. 190, 195, 70 A. 1091, 1092 (1908): "All taxation is statutory.... Liability to pay taxes arises from no contractual relation be-

tween the taxable and the taxing power...." Thus, if the limitations period is to be found in Title 42, it would be the six-year provision of § 5527(6) which applies to these proceedings, and not the four-year clause of § 5525(7) or (8).

**3.** Section 5860.102 defines "Taxing District" as excluding counties of the second class of which Allegheny County, in which the property lies, is one. Therefore it is questionable whether § 5860.312 would apply.