## In re VIRGINIA MANSIONS APARTMENTS, INC., Debtor.

### Elias J. HAKIM, Jr., Appellant,

v.

### ALLEGHENY COUNTY, Chartiers Valley School District and Township of Scott, Appellees.

Civ. A. No. 89–2021.

United States District Court, W.D. Pennsylvania.

Dec. 21, 1989.

case.

John M. Silvestri, Pittsburgh, Pa., for appellant.

Thomas J. Dempsey and Robert L. Federline, Pittsburgh, Pa., for appellees.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Presently before the court is an appeal from the United States Bankruptcy Court for the Western District of Pennsylvania. 102 BR 444. Appellant, Elias J. Hakim, Jr. ("Hakim"), argues that the bankruptcy judge committed an error of law in stating that the statute of limitations for collection of taxes based on an increased property assessment did not begin to run until the Pennsylvania Supreme Court denied allocatur on November 7, 1986. Both sides agree that we are to apply *de novo* review to the question of law before the court.

Appellant contends that the statute of limitations began to run when the state trial court fixed the assessed value at $1.5 million, which reflected an increase of $500,000 over the previous assessment. Hakim bases this contention on 72 P.S. § 5020-519 which allows a taxing body to collect taxes at the rate set by the common pleas court even though the assessment is under appeal. The statute states:

> Any owner of real estate or taxable property ... may appeal from the judgment, order or decree of any court of common pleas, in any matter affecting the assessment of taxes on said property: Provided, That the appeal shall not prevent the collection of the taxes upon the assessment fixed or allowed by such judgment, order or decree of the court of common pleas, but in case the same shall be re-

duced, then the excess shall be returned to the [taxpayer].

72 P.S. § 5020-519 (Supp.1989).

The bankruptcy judge held that the statute of limitations did not begin to run until the Pennsylvania Supreme Court denied allocatur. In doing so, she cited *Meadowbrook Properties Appeal*, 89 Pa.Cmwlth. 341, 492 A.2d 766, 768 (1985) and *City of Wilkes–Barre v. Board of Tax Assessment*, 100 Pa.Cmwlth. 486, 514 A.2d 1012, 1014 (1986). Appellees, Chartiers Valley School District and The Township of Scott, ask us to affirm the decision of law of the bankruptcy court.

The cases cited in the memorandum opinion below do not address the precise issue of when the statute of limitations begins to run *vis-a-vis in personam* liability for unpaid taxes. Instead, the cases involve the application of an automatic appeal provision in the statute 72 P.S. § 5350(c). The statute provides that during appeal of one year's assessment, the subsequent years' assessments are automatically under appeal as well. This is to eliminate the need for continuous appeals from subsequent orders of a trial court on remand. *City of Wilkes–Barre*, at 490, n. 1, 514 A.2d at 1014, n. 1. Therefore, *Meadowbrook* involves the question of defining the period in which an appeal is still pending. The court held that it remains pending until a final determination has been made by the appellate courts. Specifically, the appeal was not finally determined until the Pennsylvania Supreme Court denied allocatur. *Meadowbrook*, 89 Pa.Cmwlth. at 345, 492 A.2d at 768.

Thus, the statute of limitations' issue appears to be one of first impression. It is our duty to predict how the Supreme Court of Pennsylvania would rule on this issue. *Ross v. Johns–Manville Corp.*, 766 F.2d 823, 826 (3d Cir.1985). In doing so, we must decide at what point in time the legislature would decide "the right to be free of stale claims ... comes to prevail over the right to prosecute them." *Id.* at 827, *quoting, United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). We hold that the statute of limita-

tions does not begin to run until a final determination of the assessment has taken place. In the present case, it would be when the Pennsylvania Supreme Court denied allocatur on November 7, 1986.

In doing so, we do not ignore the statute cited by appellant. We agree that a taxing body has a right to enforce the the collection of taxes based on the assessment fixed by the court of common pleas. To rule otherwise would render the statute a nullity. We also agree that Pennsylvania follows the rule that a cause of action arises when the plaintiff could have first maintained an action to a successful conclusion. *Kapil v. Assn. of Pa. State Colleges & Universities*, 504 Pa. 92, 99, 470 A.2d 482, 485 (1983). However, it is not until a final determination that the rights of a taxpayer and a taxing body become permanently fixed. We hold that a cause of action must accrue upon the final determination of an assessment. In other words, the statute of limitations is tolled while the assessment is being appealed.

A hypothetical situation illuminates one of the problems that could occur under a contrary holding. If a taxpayer receives a reduced assessment in the state trial court, a taxing body may collect taxes, but only at the reduced rate. 72 P.S. § 5020–519. However, a taxing authority may appeal this ruling through the same process available to the taxpayer. *Id.;* 72 P.S. § 5020–520; *Marx v. Board of Property Assessment, etc.*, 31 Pa.Cmwlth. 496, 377 A.2d 199 (1977). Therefore, it is possible that an appeal by a taxing body could result in an increase in the assessment, making it impossible to get relief before a final determination by the Pennsylvania appellate courts. In such a situation, it would be impossible to say the cause of action to collect higher taxes accrued upon the decision of the state trial court to lower the assessment.

Statutes of limitations are designed to prevent the litigation of stale claims. We find our ruling to be consistent with that policy. In the present case, the taxing bodies sent tax bills to appellant after the common pleas court decision. The bills reflected the additional amounts to be paid due to the increased assessment. However, appellant did not pay the increased amount and appealed the underlying assessment. We cannot characterize the claim as becoming stale while the taxpayer pursued relief from a higher court. Nor do we believe a taxpayer suffers unfair surprise when a taxing body enforces the higher tax within the relevant time period after the assessment is permanently fixed. Moreover, we think many taxpayers would prefer to appeal an increased assessment before paying the higher tax. Our decision allows that to occur when a taxing authority decides to await a final ruling by the courts. An alternative holding would discourage taxing bodies from doing so.

To summarize, we hold that a cause of action to collect taxes arises upon a decision of a common pleas court. However, we hold that the statute of limitations is tolled until the final determination of the assessment.

Finally, we note that we do not reach the question of which statute of limitation would apply, because the bankruptcy judge did not rule on that issue. She found that it was irrelevant because even under the appellant's proposed four year limitation, the claim would be timely.

A written order will follow.

## ORDER OF COURT

AND NOW, this 21st of December, 1989, upon appeal from the decision of the United States Bankruptcy Court for the Western District of Pennsylvania by Elias J. Hakim, Jr.,

IT IS ORDERED that the decision of the Bankruptcy Court be and hereby is affirmed.