In Re: Appeal of P–VILLE ASSOCI-ATES from the Decision of the Chester County Board of Assessment Appeals for Property Located at 101 116 Starr Street, Borough of Phoenixville, Chester County, Pennsylvania For Tax Year 2011–Interim Assessment Tax Parcel No. 19–279.1.

Appeal of: P–Ville Associates.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 2013.

Decided March 6, 2014.

OPINION BY Judge LEAVITT.

P–Ville Associates (Taxpayer) appeals an order of the Court of Common Pleas of Chester County (trial court) dismissing Taxpayer's appeal of its 2013 real estate assessment. The trial court concluded that the 2013 assessment was not automatically appealed by virtue of Taxpayer's pending appeal of the Board of Assessment's dismissal of its *nunc pro tunc* appeal of its 2011 assessment. Taxpayer asserted that it did not receive the 2011 assessment notice and that, in any case, the notice was defective on its face because it did not identify the location of the property being assessed and in other ways did not comply with the statutory requirements for an assessment notice. Concluding that Taxpayer's *nunc pro tunc* appeal triggered the automatic assessment appeal provision, we reverse and remand for further proceedings.

■ Taxpayer owns a parcel of land located in the Borough of Phoenixville in Chester County. On June 15, 2011, the Chester County Assessment Office issued an "interim" assessment notice that increased Taxpayer's real estate assessment from $1,576,010 to $3,178,330 "effective July 26, 2011." Reproduced Record at 3a (R.R. ——).[1] By statute, Taxpayer had until July 25, 2011, to appeal the interim assessment.[2] Taxpayer did not meet this

Christopher H. Peifer, Media, for appellant.

Julie M. Potts, West Chester, for appellee Chester County Board of Assessment Appeals.

J. Benjamin Nevius, Exton, for appellee Phoenixville Area School District.

BEFORE: LEADBETTER, Judge, LEAVITT, Judge, and COVEY, Judge.

1. An interim assessment is done when assessable improvements are constructed on a property. *County Amusement Company v. County of Cambria Board of Assessment Appeals,* 692 A.2d 300 (Pa.Cmwlth.1997).

2. Section 8844(b) of the Consolidated County Assessment Law, which governs the deadline for filing an appeal, states as follows:

   (b) Mailing and notice of appeal.—The notice shall be mailed within five days from the date the county assessment office makes the change or addition to its official records. The notice shall

state that *any persons aggrieved by the assessment and the affected taxing districts may file an appeal to the board within 40 days of the date of the notice.* The appeal shall be in writing and shall identify the following:
   (1) Appellant.
   (2) Property location.
   (3) Owner.
   (4) Assessment or assessments by which the person is aggrieved.
   (5) Address to which notice of the time and place for a hearing of the appeal shall be mailed.

deadline.[3] Chester County, the Borough of Phoenixville and the Phoenixville Area School District issued tax bills to Taxpayer with a payment date of October 15, 2011.

On December 1, 2011, Taxpayer filed a *nunc pro tunc* appeal of the interim assessment with the Chester County Board of Assessment Appeals, asserting it did not get notice of the interim assessment. It also asserted that the notice did not comply with the statutory requirements and, thus, was void *ab initio*. Finally, it challenged the merits of the fair market valuation of the property in question.

On December 5, 2011, the Board of Assessment Appeals denied Taxpayer's *nunc pro tunc* appeal, returning Taxpayer's appeal documents and fee. It did not address Taxpayer's *nunc pro tunc* arguments. On December 15, 2011, Taxpayer timely filed an appeal to the trial court that it captioned a "Petition For *Nunc Pro Tunc* Appeal From the Assessment of the Chester County Board of Assessment Appeals." In this appeal, Taxpayer raised the same issues it presented to the Board.

The Board of Assessment Appeals, the Borough of Phoenixville and the Phoenixville Area School District filed answers opposing the petition. The parties agreed that the trial court should decide the matter based on the petition and answers. While Taxpayer's petition for a *nunc pro tunc* appeal was being considered by the trial court, the Board of Assessment issued Taxpayer an assessment for tax year 2013 (2013 assessment), which had an appeal deadline of August 1, 2012. Taxpayer did not appeal this assessment to the Board.

On August 28, 2012, the trial court denied Taxpayer's petition for a *nunc pro tunc* appeal. The trial court found, as fact, that the 2011 interim assessment notice was mailed on or about June 15, 2011, to Taxpayer's correct address. The trial court also found that Taxpayer knew of the interim assessment at least by October 15, 2011. However, Taxpayer did not appeal until December 1, 2011, which was not sufficiently prompt to warrant a *nunc pro tunc* appeal.[4] Taxpayer did not appeal this order of the trial court.

The trial court then scheduled a hearing for March 4, 2013. Taxpayer believed that the purpose of the scheduled hearing was to consider the merits of its 2013 real estate assessment, which had been automatically appealed by virtue of Taxpayer's pending *nunc pro tunc* appeal of the 2011 interim assessment. However, the Board of Assessment Appeals believed the hearing was a mistake and filed a motion *in limine* to have it cancelled. The Board asserted that the trial court's denial of Taxpayer's petition for a *nunc pro tunc* appeal meant that Taxpayer's 2013 assessment was not automatically appealed.

■ On March 18, 2013, the trial court granted the Board's motion *in limine* and dismissed the "tax appeal of record." R.R. 93a. The trial court concluded that Taxpayer did not perfect an "appeal" of its 2011 interim assessment but, rather, sought permission to appeal *nunc pro tunc*. Accordingly, the trial court held that Taxpayer's 2013 assessment was not automatically appealed. Taxpayer appeal-

---

53 Pa.C.S. § 8844(b) (emphasis added).

**3.** It is unclear why Taxpayer missed the deadline. Taxpayer notes that it learned of the increased assessment at "some point" after June 15, 2011, and by October 15, 2011, when the tax payment was due to be paid.

**4.** Otherwise, the trial court did not address the other grounds raised by Taxpayer in support of its argument that it could appeal *nunc pro tunc*.

ed to this Court, and the matter is now before us for our review.[5]

■ On appeal, Taxpayer raises one issue for our consideration, namely, that the trial court's dismissal of its appeal of the 2013 tax year assessment resulted from an erroneous interpretation of the automatic appeal provision in the Consolidated County Assessment Law. Taxpayer asserts that its petition for a *nunc pro tunc* appeal of the 2011 interim assessment was pending with the trial court on August 1, 2012, the deadline for appealing the 2013 assessment. Therefore, the 2013 assessment was automatically appealed.

■ We begin with a review of the applicable statute. Section 8854(a)(5) of the Consolidated County Assessment Law provides for an automatic assessment appeal where the taxpayer has an assessment appeal pending. It states as follows:

> If a taxpayer or taxing district has filed an appeal from an assessment, *so long as the appeal is pending before the board or before a court on appeal from the determination of the board,* as provided by statute, the appeal will also be taken as an appeal by the appellant on the subject property *for any valuation for any assessment subsequent to the filing of an appeal* with the board and prior to the determination of the appeal by the board or the court. This provi-

sion shall be applicable to all pending appeals as well as future appeals.

53 Pa.C.S. § 8854(a)(5) (emphasis added). In short, so long as an assessment "appeal is pending" before the board or the trial court, subsequent assessments are automatically appealed.

This Court interpreted the automatic assessment appeal provision in *Wilson Townhouses, Sections I & II v. Berks County Board of Assessment Appeals,* 112 Pa.Cmwlth. 498, 535 A.2d 1226 (1988). There, the taxpayer appealed its 1984 assessment to the board of assessment appeals, which declined to change the assessment. The taxpayer then appealed to the trial court, albeit untimely. While the appeal was pending with the trial court, assessments for 1985 and 1986 were issued. When the trial began, the board informed the trial court that the taxpayer's appeal of the 1984 assessment had been untimely filed with the trial court. The trial court agreed and dismissed the 1984 assessment appeal as well as the appeal of the assessments issued in 1985 and 1986. The trial court reasoned that the untimely 1984 assessment appeal was a nullity and, thus, the court lacked jurisdiction over the 1985 and 1986 assessments. Because the 1984 assessment appeal was filed untimely, the automatic appeal provision in the Consolidated County Assessment Law was not triggered.[6]

---

5. Our review in tax assessment matters is limited to determining whether the trial court abused its discretion, committed an error of law or reached a decision not supported by substantial evidence. *Herzog v. McKean County Board of Assessment Appeals,* 14 A.3d 193, 199 n. 15 (Pa.Cmwlth.2011). Questions of law are subject to *de novo* review, and our scope of review is plenary. *Philomeno & Salamone v. Board of Supervisors of Upper Merion Township,* 600 Pa. 407, 411, 966 A.2d 1109, 1111 (2009).

6. The statute then in effect was Section 9(c) of the Act of June 26, 1931, P.L. 1379, *as amended, formerly* 72 P.S. § 5350(c), *repealed by* Section 6 of the Consolidated County Assessment Law, Act of October 27, 2010, P.L. 895. It provided as follows:

> (c) If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment

This Court affirmed the dismissal of the late 1984 assessment appeal but reversed the dismissal of the taxpayer's appeals of the 1985 and 1986 assessments. The Court framed the issue as follows:

[D]oes the subsequent declaration as untimely of an appeal of the base tax year render the automatic appeals for subsequent tax years void *ab initio* on jurisdictional grounds?

*Wilson Townhouses*, 535 A.2d at 1228.

The Court concluded that an "appeal" remains "pending" "until a final determination has been made" by the trial court. *Id.* The taxpayer's 1984 assessment appeal was untimely, which deprived the trial court of jurisdiction to hear that appeal. However, the trial court "possessed the necessary jurisdiction to make this initial decision." *Id.* It followed that "until the trial court reached this question, [taxpayer's] appeal of its 1984 tax year assessment was 'pending' before that court within the meaning of [the statute] so that the 1985 and 1986 tax year assessments were automatically appealed to it." *Id.* The 1985 and 1986 assessment appeals had a "separate status," which distinguished them from the untimely 1984 assessment appeal. We concluded that a "pending appeal," even an untimely appeal, meant that the trial court had jurisdiction over the subsequent year tax assessments.

This Court observed that the purpose of the automatic appeal provision is to eliminate the need to file "unnecessary duplica-

tive precautionary appeals." *Id.* at 1229. We concluded as follows:

[A] contrary decision most assuredly would compel taxpayers and their counsel to continue to file precautionary appeals for subsequent years to protect themselves from just such a procedural error as has occurred here, a circumstance that was intended to be eliminated by [Section 8854 of the Consolidated County Assessment Law].

*Id.* at 1229.[7] *See also Chartiers Valley School District v. Board of Property Assessment, Appeals and Review*, 154 Pa. Cmwlth. 81, 622 A.2d 420, 426, 427 (1993) (agreeing that "the automatic appeal provisions are intended to prevent duplicative appeals and consolidate these matters for trial ... *not deprive the parties of an opportunity to be heard*.") (emphasis added).

Taxpayer argues that this Court's holding in *Wilson Townhouses* is dispositive and that the trial court erred in holding otherwise. *Wilson Townhouses* teaches that Taxpayer's *nunc pro tunc* appeal was a "pending appeal" over which the trial court had jurisdiction. So long as the trial court retained jurisdiction over the *nunc pro tunc* appeal, it was vested with jurisdiction over the 2013 assessment appeal. Had the trial court allowed the *nunc pro tunc* appeal of the 2011 interim assessment, the valuation evidence presented to the trial court certainly would have included valuation evidence that covered the

---

subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court. This provision shall be applicable to all pending appeals as well as future appeals.

72 P.S. § 5350(c). Former Section 9(c) is virtually identical to Section 8854(a)(5) of the Consolidated County Assessment Law.

**7.** An identical result was reached in *Wilkes–Barre Holiday Inn v. Luzerne County Board of*

*Assessment Appeals*, 674 A.2d 1181 (Pa. Cmwlth.1996), *abrogated on other grounds* as stated in *Julia Ribaudo Senior Services v. Department of Public Welfare*, 915 A.2d 700 (Pa. Cmwlth.2007), *reversed on other grounds*, 600 Pa. 641, 969 A.2d 1184 (2009) (holding that assessments for tax years 1992–1995 were automatically appealed even though the original 1991 assessment appeal was untimely).

2013 assessment. Taxpayer argues that it should not have been required to appeal the 2013 tax year assessment by August 1, 2012, *before* the trial court rendered a decision on the pending 2011 assessment appeal. Section 8854(a)(5) of the Consolidated County Assessment Law eliminated the need for precautionary and duplicate appeals.

The Board of Assessment Appeals rejoins that the trial court did not err because a timely appeal is a prerequisite to a trigger of the automatic appeal provision.[8] The Board argues that *Wilson Townhouses* is distinguishable because in that case the taxpayer had filed a timely appeal to the board. Here Taxpayer's *nunc pro tunc* appeal was rejected by the Board. The Board contends that Taxpayer should have planned for the possibility that the trial court would deny its petition for *nunc pro tunc* appeal and "prudently filed a timely assessment appeal for 2013." Board's Brief at 11. The Board further argues that Taxpayer's appeal to this Court should be quashed because Taxpayer did not appeal the trial court's August 28, 2012, order denying its *nunc pro tunc* appeal, which put Taxpayer out of court.[9]

■ The trial court agreed with the Board that *Wilson Townhouses* was distinguishable, but we find otherwise. If anything, the case for an automatic appeal is stronger here. The trial court could have allowed Taxpayer's appeal to proceed *nunc pro tunc* and decided the 2011 assessment on the merits. A trial court hears an assessment appeal *de novo* and is the ultimate finder of fact based on the evidence presented to it. *Parkview Court Associ-*

ates v. Delaware County Board of Assessment Appeals, 959 A.2d 515, 520 (Pa. Cmwlth.2008). In *Wilson Townhouses,* by contrast, the trial court lacked jurisdiction to decide the merits of the taxpayer's appeal. The critical inquiry is what constitutes a "pending appeal" for purposes of Section 8854(a)(5). In *Wilson Townhouses,* subsequent assessments were held to have been automatically appealed despite the trial court's lack of jurisdiction to grant any relief to the taxpayer on the specific assessment appeal that was pending.

The rationale of *Wilson Townhouses* holds that because the trial court had jurisdiction to grant a final order, *i.e.,* a motion to quash, it had jurisdiction over subsequent annual assessments issued prior to the issuance of the trial court's final order. Here, as in *Wilson Townhouses,* Taxpayer's *nunc pro tunc* appeal of the 2011 assessment was pending because the trial court had jurisdiction to rule on it. It follows, therefore, that the trial court had jurisdiction to decide the appeal of the assessment for tax year 2013. The 2013 assessment appeal had a "separate status" and continued to exist despite the dismissal of the original appeal. *Wilson Townhouses,* 535 A.2d at 1228.

Section 8854(a)(5) of the Consolidated County Assessment Law was intended to eliminate duplicate tax appeals and not to act as a trap by which taxpayers can be deprived of their opportunity to be heard. Had the trial court granted Taxpayer's *nunc pro tunc* appeal, it would have covered subsequent years. So long as there

---

**8.** The Phoenixville Area School District also filed a brief supporting the Board's arguments. The Borough of Phoenixville was precluded from doing so by order of this Court.

**9.** The Board filed a motion to quash, in which the Phoenixville Area School District

joins. This Court issued an order granting the motion to quash, but subsequently granted Taxpayer's application for reargument and reinstated the appeal, instructing that the appealability of the order be addressed in the opinion on the merits.

was an "appeal pending," it was not necessary for Taxpayer to file duplicative precautionary appeals.[10]

■ Finally, we deny the Board's motion to quash the instant appeal. The trial court's August 28, 2012, order disposed of the 2011 interim tax assessment. It did not, as the Board's motion assumes, put Taxpayer out of court entirely. As discussed above, Taxpayer's 2013 assessment was appealed automatically and has a "separate status." It exists independently of the 2011 assessment appeal.

For these reasons, the Board's motion to quash is denied. *The order of the trial court is reversed and the matter is remanded to the trial court for proceedings on the merits of Taxpayer's assessment appeal for 2013.*[11]

Judge LEADBETTER dissents.

### ORDER

AND NOW, this 6th day of March, 2014, the motion to quash filed by the Chester County Board of Assessment Appeals is denied. The order of the Court of Common Pleas of Chester County dated March 15, 2013, in the above captioned matter is hereby REVERSED. The matter is REMANDED for further proceedings before the trial court on the merits of P–Ville Associates' 2013 tax assessment appeal.

Jurisdiction relinquished.

---

10. Indeed, such a rule would be confusing to implement. It is not clear whether that appeal would be filed with a board of assessment appeals or the trial court.

11. Automatic appeals are heard by the trial court, not the board. *Chartiers Valley School District*, 622 A.2d at 428. Further, "[n]o tax assessments arising while the case is before the appellate courts are incorporated." *Id.* at 429.